OPINION
{¶ 1} Kevin T. King appeals from a judgment of the Montgomery County Court of Common Pleas, by which he was sentenced to eight years of imprisonment for rape and to one year for gross sexual imposition, to be served concurrently. These sentences were imposed after the trial court overruled King's motion to withdraw his pleas of no contest to these offenses, pursuant to which he had been found guilty.
 {¶ 2} On June 20, 2002, King was indicted on two counts of rape of an individual under the age of thirteen and one count of gross sexual imposition. The offenses involved his girlfriend's eight-year-old daughter. The rape counts included force specifications that could have resulted in mandatory life sentences.
 {¶ 3} At the time of his arrest, King made statements to the police admitting that he had raped the girl, describing his acts as "not just wrong but also sick," and stating that he wished he "could kill [himself] for it." He later filed a motion to suppress these statements, but the trial court overruled the motion, finding that the statements had been knowingly, intelligently, and voluntarily made.
 {¶ 4} On November 12, 2002, King entered into a plea agreement whereby he pled no contest to one count of rape and one count of gross sexual imposition in exchange for the state's dismissal of the second count of rape and the force specification that could have compelled a life sentence. On December 9, 2002, King filed a motion to withdraw his plea. The trial court conducted a hearing on the motion and on King's request for a new attorney, which was raised for the first time at the hearing. The trial court overruled King's motions and sentenced him to eight years in prison.
 {¶ 5} King raises two assignments of error on appeal.
 {¶ 6} "I. The Trial Court abused its discretion in failing to allow Appellant to withdraw his plea of no contest."
 {¶ 7} King claims that he was misinformed and confused when he entered his plea and that he should have been allowed to withdraw his plea because he had maintained his innocence throughout the proceedings.
 {¶ 8} Pre-sentence motions to withdraw a plea should be liberally granted. State v. Xie (1992), 62 Ohio St.3d 521, 584 N.E.2d 715, paragraph one of the syllabus; State v. Uribe (Mar. 5, 1999), Montgomery App. No. 17044. However, a defendant does not have an absolute right to withdraw a plea prior to sentencing. Xie, supra. A decision to allow the withdrawal of a plea before sentencing is within the sound discretion of the trial court. Xie, supra, paragraph two of the syllabus; State v.Perdue, Montgomery App. No. 19267, 2003-Ohio-6244, ¶ 17. "[A] trial court will not be found to have abused its discretion in denying a motion to withdraw a plea where (1) the accused is represented by highly competent counsel, (2) the accused received a full hearing pursuant to Crim.R. 11, (3) the accused is given a complete and impartial hearing on the motion to withdraw after it is filed, and (4) the record reveals that the court gave full and fair consideration to the plea withdrawal request." State v. Ramos, Montgomery App. No. 19429, 2003-Ohio-2086, ¶ 8.
 {¶ 9} At the November 4, 2002 hearing at which the trial court accepted King's plea, the court conducted a thorough inquiry into King's understanding of his plea and its voluntariness pursuant to Crim.R. 11(C). King, who was well-educated, indicated his understanding of the effect of his plea and his desire to enter the plea. The court agreed to consider a sentence of five to eight years for the rape with a concurrent sentence for gross sexual imposition.
 {¶ 10} At the hearing on his motion to withdraw his plea, King claimed that he could prove his innocence and that he had been confused when he entered his plea. He claimed that his interrogation by the police had been "just a whole bunch of coercion." He asserted that it was "vaguely possible" that he could have rolled over on the girl or kicked her, but that he did not rape her. He stated that he had not understood the rights that he was waiving by entering a plea and had thought that he would still be entitled to a trial. He also claimed that a lawyer in the community had sold cocaine to the victim's mother and that the victim had told him that this attorney had sexually abused her. King maintained that, when he entered his plea, he "felt like seeing the information and hearing of it was just like a jumble of words" because there "was so much going through [his] head." On cross examination, however, King admitted that, prior to his plea, the possible sentences had been explained to him, he had not been promised anything outside the record, he had not been threatened, and he had not been under the influence of any substance that could have impaired his judgment. He also admitted that the trial court had informed him that he would be giving up his right to a trial by entering a plea.
 {¶ 11} The trial court concluded that King's testimony at the hearing on the withdrawal of his plea lacked credibility. It found that King's testimony and actions at the plea hearing contradicted his claims that he had been overwhelmed and confused and that his claims of innocence were not a reasonable or legitimate basis for the withdrawal of his plea in light of his extensive statements to the police admitting his guilt. The court found "no evidence that the Defendant was ever confused about what he was doing." Based on King's demeanor, facial expressions, and tone at the hearing on the withdrawal of the plea, the court concluded that he was not believable.
 {¶ 12} The trial court could have reasonably concluded that King's testimony at the hearing on his motion to withdraw his plea was lacking in credibility. Moreover, King was represented by highly competent counsel at the plea hearing and at the hearing on the motion to withdraw the plea, and the trial court's hearings were conducted in a thorough and fair manner. See Ramos, supra. In our view, the trial court did not abuse its discretion in refusing to allow King to withdraw his plea.
 {¶ 13} The first assignment of error is overruled.
 {¶ 14} "II. The Trial court's decision to not allow Appellant alternate legal representation denied appellant's constitutional right to effective assistance of counsel."
 {¶ 15} At the hearing on the motion to withdraw his plea, King stated to the court that he did not think his lawyer was representing him well and that he was concerned over a conflict of interest involving his attorney and another attorney who was a potential witness or suspect. He also complained that his attorney was fatalistic because he kept talking about the possibility of a life sentence.
 {¶ 16} The court explained to King that the offenses with which he had been charged could result in a life sentence and that his attorney would not have been doing an adequate job if he had not repeatedly explained to King that he was facing a possible life sentence, especially in light of King's statements to the police. The trial court also discussed with the parties the nature of the alleged conflict involving a local attorney. King's attorney apparently knew this other attorney, and King sought to implicate the other attorney in the sexual assault. The parties' conversation with the court about the alleged conflict took place off the record, however, and we cannot glean the substance of this discussion from the record. King's attorney did represent to the court, on the record, that he did not think that his representation of King was infringing on King's rights. The court concluded that the alleged conflict was not relevant to the motion to withdraw the plea. The court also concluded that King had not shown sufficient reasons to remove his attorney from the case for purposes of the motion to withdraw plea. The court determined that King's motion to withdraw his plea would proceed without a change in counsel but that, if the motion were granted, a new attorney would be appointed to represent him at trial.
 {¶ 17} Pursuant to App.R. 9(B), the appellant is required to include in the record a transcript of all evidence relevant to the findings or conclusions that he intends to challenge on appeal. (Pursuant to App.R. 9(C), a statement of evidence and proceedings may be furnished to the court of appeals where a transcript of evidence and proceedings is not available.) When an appellant fails in that duty, an appellate court has no alternative but to overrule any error assigned which requires reference to the trial proceedings, because the presumption of regularity of those proceedings cannot then be rebutted. State v. Hall, Montgomery App. No. 19671, 2003-Ohio-3039, ¶ 9, citing Hartt v. Munobe (1993),67 Ohio St.3d 3, 615 N.E.2d 617. Insofar as King did not request that the proceedings about the alleged conflict of interest be made a part of the record, we are not in a position to review the trial court's finding on that issue. Thus, we must presume that the trial court properly denied King's request for a new attorney.
 {¶ 18} The second assignment of error is overruled.
 {¶ 19} The judgment of the trial court will be affirmed.
Fain, P.J. and Young, J., concur.