[Cite as *State v. Jones*, 2012-Ohio-2075.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

STATE OF OHIO,                    :        APPEAL NO. C-110603
                                           TRIAL NO. B-1100702
    Plaintiff-Appellee,       :

 vs.                              :        *O P I N I O N.*

NAJEE JONES,                      :

    Defendant-Appellant.      :


Criminal Appeal From: Hamilton County Court of Common Pleas

Judgments Appealed From Are: Affirmed in Part, Sentence Vacated in Part, and
                            Cause Remanded

Date of Judgment Entry on Appeal: May 11, 2012


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Christine Y. Jones*, for Defendant-Appellant.




Please note: This case has been removed from the accelerated calendar.

**J. HOWARD SUNDERMANN, Presiding Judge.**

{¶1}    Defendant-appellant Najee Jones appeals his conviction and sentence for three counts of felonious assault, one count of having weapons under disability, and the accompanying firearm specifications.   In two assignments of error, Jones challenges the trial court's denial of his presentence motions to withdraw his guilty pleas and the length of his prison sentence.   Because Jones was sentenced after the effective date of 2011 Am.Sub.H.B. No. 86, which amended R.C. 2929.14(A) to reduce the maximum prison sentence for certain third-degree-felony offenses, including having weapons under disability, from five years to 36 months, we vacate his sentence for that offense and remand this case to the trial court for resentencing on that offense alone.   We, otherwise, affirm the trial court's judgment and sentences.

### I. Jones's Guilty Pleas and Sentences

{¶2}    Jones was indicted for one count of attempted aggravated murder, five counts of felonious assault, one count of carrying a concealed weapon, one count of obstructing official business, one count of having weapons under disability, two counts of trafficking in cocaine, and one count of possession of cocaine.   The attempted-aggravated-murder, felonious-assault, trafficking, and possession offenses were accompanied by firearm specifications.

{¶3}    Jones subsequently filed a motion to suppress his post-arrest statements to police, which the trial court denied after a hearing.  Jones then withdrew his not guilty pleas and pleaded guilty to three counts of felonious assault and the accompanying firearm specifications, and to one count of having weapons under disability.   In exchange for his guilty pleas, the state dismissed the remaining eight charges and firearm specifications.

{¶4}    The trial court ordered a presentence investigation and scheduled Jones's sentencing for September 22, 2011.  Prior to the sentencing hearing, Jones filed

two pro se motions to withdraw his guilty pleas. At a subsequent hearing, Jones asserted that he was innocent of the charges and that he wanted a bench trial. The trial court denied Jones's motions to withdraw his guilty pleas, and sentenced him to eight years for each felonious assault, five years for the weapons-under-disability offense, and three years for the merged firearm specifications. The court ordered the terms to be served consecutively, for an aggregate sentence of 32 years in prison.

### II. Jones's Motions to Withdraw His Guilty Pleas

{¶5} In his first assignment of error, Jones argues that the trial court abused its discretion in denying his motions to withdraw his guilty pleas.

{¶6} Whether a motion to withdraw a plea is granted or denied lies within the sound discretion of the trial court. *State v. Xie*, 62 Ohio St.3d 521, 587 N.E.2d 715 (1992), paragraph two of the syllabus. While the general rule is that a motion to withdraw a guilty plea made prior to sentencing is "to be freely allowed and treated with liberality," a "defendant does not have an absolute right to withdraw a guilty plea prior to sentencing." *Xie* at paragraph one of the syllabus.

{¶7} In his motions to withdraw his guilty pleas, Jones argued that the trial court had failed to properly inform him of the possible maximum prison term he was facing, and that he was innocent of the offenses. Jones maintained that he had been walking down the street when he saw masked men with guns shoot the three victims.

{¶8} At the hearing on the motions, the trial court addressed the factors set forth in *State v. Fish*, 104 Ohio App.3d 236, 239, 661 N.E.2d 788 (1st Dist.1995). The trial court concluded that even though Jones's motions were timely and would not prejudice the state, the remaining factors weighed against granting the motions. The trial court stated that Jones had been represented by highly competent counsel; he had been given a full Crim.R. 11 hearing before he had entered his pleas; he had indicated during that hearing his understanding of the nature of the charges and

3

their maximum penalties; and that Jones's current claims of innocence not only lacked evidentiary support, but were also contradicted by his post-arrest statements to police admitting his involvement in the offenses as well as his statements during the plea proceedings, admitting his guilt to the offenses.

{¶9} Because there is no indication in the record that Jones's motions to withdraw his guilty pleas were anything other than a "mere change of heart," which is an insufficient basis upon which a defendant can rely in order to successfully withdraw his guilty pleas, we cannot conclude that the trial court, after a full and impartial hearing, abused its discretion in denying Jones's motions to withdraw his guilty pleas. We, therefore, overrule his first assignment of error. *See State v. Henderson*, 1st Dist. Nos. C-060799 and C-060823, 2007-Ohio-5128, ¶ 6; *see also State v. Calloway*, 1st Dist. No. C-040066, 2004-Ohio-5613, ¶ 10-17 (holding that the trial court was entitled to conclude that the defendant's guilty plea was an admission of his guilt in the absence of facts or inferences to justify his claim of innocence); *State v. King*, 2nd Dist. No. 19814, 2004-Ohio-262, ¶ 11 (holding that the defendant's claims of innocence were not a reasonable or legitimate basis for the withdrawal of his guilty plea in light of his extensive statements to police admitting his guilt).

### III. Jones's Sentence under Am.Sub.H.B. No. 86

{¶10} In his second assignment of error, Jones challenges the length of his prison term. He argues that the trial court's imposition of a 32 year prison sentence was excessive.

{¶11} The record reflects that while the trial court held Jones's sentencing hearing on September 22, 2011, it did not journalize its judgment entry until October 7, 2011. Although raised by neither Jones's counsel nor the state, we note that Am. Sub.H.B. No. 86 was enacted on June 29, 2011, and became effective September 30, 2011. Because a trial court speaks only through its docket and journal entries, Jones

was not sentenced until the trial court's sentencing entry had been journalized. *See, e.g., State v. Miller*, 127 Ohio St.3d 407, 2010-Ohio-5705, 940 N.E.2d 924, ¶ 12. Consequently, Am.Sub.H.B. No. 86 was in effect at the time Jones was sentenced.

{¶12} While Am.Sub.H.B. No. 86 made multiple changes to Ohio's criminal sentencing scheme, Jones's sentence was affected by only two of those changes: (1) the trial court's imposition of a five-year prison term for the weapons-under-disability offense and (2) the trial court's imposition of consecutive sentences.

### A. Reduction in Penalty for Certain F-3 Offenses

{¶13} Am.Sub.H.B. No. 86 amended R.C. 2929.14(A)(3) to change the range of possible prison terms for certain third-degree felonies. R.C. 2929.14(A)(3)(b) decreases the range of penalties for most felonies of the third degree, including having weapons under disability, to nine, 12, 18, 24, 30, or 36 months. R.C. 2929.14(A)(3)(a) maintains the maximum 60-month penalty for the following offenses: aggravated vehicular homicide, aggravated vehicular assault, vehicular assault, sexual battery, or unlawful sexual conduct with a minor, or robbery or burglary if the offender previously has been convicted of or pleaded guilty in two or more separate proceedings to two or more aggravated-robbery, robbery, aggravated-burglary, or burglary offenses.

{¶14} The General Assembly expressly provided in Section 4 of Am.Sub.H.B. No. 86 that the amendments to R.C. 2929.14(A) "apply to a person who commits an offense specified or penalized under those sections on or after the effective date of this section and to a person to whom division (B) of section 1.58 of the Revised Code makes the amendments applicable."

{¶15} R.C. 1.58(B) states that "[i]f the penalty, forfeiture, or punishment for any offense is reduced by a reenactment or amendment of a statute, the penalty,

forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended."

{¶16} Jones fits within the R.C. 1.58(B) exception provided in Section 4 of Am.Sub.H.B. No. 86. While Jones committed the weapons-under-disability offense prior to the September 30, 2011, effective date of the act, he was not sentenced until October 7, 2011. Because the penalty for the weapons-under-disability offense was reduced by the amendment to R.C. 2929.14(A), the trial court could only have sentenced Jones to a maximum of 36 months' incarceration instead of a five-year term of imprisonment. *See* David J. Diroll, H.B. 86 Summary, The 2011 Changes to Criminal and Juvenile Law, The Ohio Sentencing Commission (Sept. 26, 2011); Ohio Legislative Service Commission Final Analysis of Am.Sub.H.B. 86. Consequently, we must agree with Jones that his sentence for this offense was excessive albeit for a reason not advanced by Jones.

### B. Consecutive Sentences

{¶17} In addition to reducing the penalty for the weapons-under-disability offense, Am.Sub.H.B. No. 86 also impacted the trial court's imposition of consecutive sentences in this case. Am.Sub.H.B. No. 86 revived the requirement that trial courts make findings before imposing consecutive sentences in R.C. 2929.14(C).

{¶18} Section 11 of Am.Sub.H.B. No. 86, expressly acknowledges that the Ohio Supreme Court had originally held these findings unconstitutional in *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, but that the court later concluded in *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768, following the United State's Supreme Court's decision in *Oregon v. Ice,* 555 U.S. 160, 129 S.Ct. 711, 172 L.Ed.2d 517 (2009), that its decision in *Foster* was incorrect.

{¶19} In *Hodge,* the Ohio Supreme Court held that "[t]he jury-trial guarantee of the Sixth Amendment to the United States Constitution does not

6

preclude states from requiring trial court judges to engage in judicial fact-finding prior to imposing consecutive sentences. *(Oregon v. Ice* (2009), 555 U.S. 160, 129 S.Ct. 711, 172 L.Ed.2d 517, construed.)" *Hodge* at paragraph one of the syllabus. The court further held that "[t]he United States Supreme Court's decision in *Oregon v. Ice* (2009), 555 U.S. 160, 129 S.Ct. 711, 172 L.Ed.2d 517, d[id] not revive Ohio's former consecutive-sentencing statutory provisions, R.C. 2929.14(E)(4) and 2929.41(A), which were held unconstitutional in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470." *Hodge* at paragraph two of the syllabus. Thus, the Supreme Court concluded that "[t]rial court judges are not obligated to engage in judicial fact-finding prior to imposing consecutive sentences unless the General Assembly enacts new legislation requiring that findings be made." *Hodge* at paragraph three of the syllabus, ¶ 27, and ¶ 30.

{¶20} Am.Sub.H.B. No. 86 did just that by first repealing former R.C. 2929.14(E)(4) and then reviving the findings requirement for consecutive sentences verbatim in R.C. 2929.14(C)(4). *See* Sections 2, 11, and 12 of Am.Sub.H.B. No. 86.

{¶21} R.C. 2929.14(C)(4) now provides:

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from the future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction

7

imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by the two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶22} This court has stated that trial courts are not required to use talismanic words as long as the reasons for the sentence are apparent from the record. *See State v. Wedge,* 1st Dist. No. C-000747, 2001 Ohio App. LEXIS 5949, *18 (Dec. 21, 2001), citing *State v. Parsons*, 1st Dist. No. C-980900, 1999 Ohio App. LEXIS 5784, *3 (Nov. 26, 1999). Having reviewed the record, including the transcript of the sentencing hearing and the presentence investigation report, we are convinced that the trial court imposed consecutive sentences because it had found that the harm caused by the offenses was so great or unusual that a single prison term would not adequately reflect the seriousness of Jones's conduct and that Jones's history of criminal conduct demonstrated that consecutive sentences were necessary to protect the public from future crime.

{¶23} The trial court stated during the sentencing hearing that it was imposing the maximum prison term for each offense and ordering them to be served consecutively because Jones, who was only 21 years old, already had an extensive criminal history as an adult, which included three felony and five misdemeanor

convictions; Jones had served two prior prison terms; and he had been released from prison just four months prior to committing the present offenses. The trial court also stated that maximum and consecutive prison terms were warranted because Jones had seriously injured two of his three victims, paralyzing one from the waist down, and causing another to miss three months of employment because of gunshot wounds to her face, hand, back, and chest. These statements were sufficient to show that the trial court's imposition of consecutive sentences was not only appropriate, but was also clearly supported by the record. *See* R.C. 2929.14(C)(4)(b) and (c).

### IV. Conclusion

{¶24} We, therefore, sustain Jones's second assignment of error only to the extent that the trial court imposed a five-year term for the weapons-under-disability offense, instead of a term within the statutory range. We vacate the sentence for the weapons-under-disability offense and remand this cause to the trial court for resentencing on only that offense. *See* R.C. 2953.08(G)(2). We affirm the trial court's judgment in all other respects.

Judgment accordingly.

**HENDON** and **CUNNINGHAM, JJ.,** concur.

Please note:

The court has recorded its own entry this date.