[Cite as *State v. Fauntleroy*, 2012-Ohio-4955.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. Julie A. Edwards, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. CT2012-0001 |
| WAYNE FAUNTLEROY | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal appeal from the Muskingum County Court of Common Pleas, Case No. CR2011-0002

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     October 24, 2012


APPEARANCES:

For Plaintiff-Appellee

RONALD L. WELCH
Assistant Prosecuting Attorney
27 North Fifth Street
Zanesville, OH 43701

For Defendant-Appellant

ROBERT D. ESSEX
604 East Rich Street
Columbus, OH 43215

*Gwin, P.J.*

{¶1} Defendant-appellant Wayne Fauntleroy ["Fauntleroy"] appeals his sentence entered by the Muskingum County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.

*PROCEDURAL HISTORY*

{¶2} Fauntleroy was indicted on one count of burglary in violation of R.C. 2911.12(A)(2), a felony of the third degree; one count of theft of firearms, in violation of R.C. 2913.02(A)(1), a felony of the fourth degree; one count of theft, a felony of the fifth degree; one count of receiving stolen property, a felony of the fourth degree; and one count of having weapons under disability, a felony of the third degree. On October 31, 2011, Fauntleroy entered a plea of guilty to the burglary, one of the theft counts and receiving stolen property charges. The prosecutor agreed at the time of the plea the burglary and theft counts should merge.

{¶3} On December 5, 2011, a sentencing hearing was held. The trial court sentenced Fauntleroy to thirty-six months on the burglary count and eighteen months on the receiving stolen property count, ordering the terms to run consecutively for a total term of fifty-four months. Fauntleroy now appeals, assigning as error:

{¶4} "I. PURSUANT TO OHIO REVISED CODE 2953.08, THE TRIAL COURT'S SENTENCE WAS CLEARLY AND CONVINCINGLY CONTRARY TO LAW, WAS AN ABUSE OF DISCRETION, AND VIOLATED THE PROPORTIONALITY REQUIREMENT OF OHIO SENTENCING LAWS."

*ANALYSIS*

**{¶5}** 2011 Am.Sub.H.B. No. 86, which became effective on September 30, 2011, revived the language provided in former R.C. 2929.14(E) and moved it to R.C. 2929.14(C)(4). The revisions to the felony sentencing statutes under 2011 Am.Sub.H.B. No. 86 now require a trial court to make specific findings when imposing consecutive sentences. R.C. 2929.14(C)(4) provides, in relevant part:

> (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender **and** that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, **and** if the court also finds any of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

(Emphasis added). In Section 11, the legislature explained that in amending former R.C. 2929.14(E)(4), it intended "to simultaneously repeal and revive the amended language in those divisions that was invalidated and severed by the Ohio Supreme Court's decision in *State v. Foster* (2006), 109 Ohio St.3d 1." The General Assembly further explained that the amended language in those divisions "is subject to reenactment under the United States Supreme Court's decision in *Oregon v. Ice* (2009), 555 U.S. 160, and the Ohio Supreme Court's decision in *State v. Hodge* (2010), —— Ohio St.3d – ——, Slip Opinion No.2010–Ohio–6320." Thus, it is the legislature's intent that courts interpret the language in R.C. 2929.14(C)(4) in the same manner as the courts did prior to *State v. Foster,* 109 Ohio St.3d 1, 2006–Ohio–856, 845 N.E.2d 470.

**{¶6}**   The First District Court of Appeals has observed,

The consecutive-sentence findings required by R.C. 2929.14(C) are not the same as those required by former R.C. 2929.19(B)(2), which provided that the trial court "shall impose a sentence and shall make a finding that *gives its reasons* for selecting the sentence * * * (c) If it imposes consecutive sentences ." (Emphasis added.) *See State v. Comer,* 99 Ohio St.3d 463, 2003–Ohio–4165, 793 N.E.2d 473, ¶ 14–16. In 2003, the Ohio Supreme Court held that the requirement that a trial court give its reasons for selecting consecutive sentences was "separate and distinct from the duty to make the findings," and it imposed an obligation on trial

courts to articulate the reasons supporting their findings at the sentencing hearing. *Id.* at ¶ 19–20, 793 N.E.2d 473. The trial court's obligation to "give its reasons" is now gone from the sentencing statutes. Gone with it, we hold, is the requirement that the trial court articulate and justify its findings at the sentencing hearing. A trial court is free to do so, of course. But where, as here, there is no statutory requirement that the trial court articulate its reasons, it does not commit reversible error if it fails to do so, as long as it has made the required findings. *See Phillips,* 1st Dist. No. C–960898, 1997 Ohio App. LEXIS 2615, 1997 WL 330605.

*State v. Alexander*, 1st Dist. Nos. C-110828, C-110829, 2012-Ohio-3349, ¶ 18. *Accord, State v. Frasca,* 11th Dist. 2011-T-0108, 2012-Ohio-3746, ¶ 57.

{¶7} The trial court is not required to recite any "magic" or "talismanic" words when imposing consecutive sentences provided it is "clear from the record that the trial court engaged in the appropriate analysis." *State v. Murrin,* 8th Dist. No. 83714, 2004–Ohio–3962, ¶ 12. *Accord*, *State v. Jones*, 1st Dist. No. C-110603, 2012-Ohio-2075, ¶ 22;  An appellate court may only sustain an assignment of error challenging the imposition of consecutive sentences under R.C. 2929.14 if the appellant shows that the judgment was clearly and convincingly contrary to law. R.C. 2953.08(G).

{¶8} In the case at bar, the trial court found that in 2000, Fauntleroy was convicted of committing 16 burglaries, nine counts of theft of firearms and 12 counts of felony theft for which he was sentenced to prison for seven years. (Sent. T. at 12-13). Fauntleroy was again convicted of breaking and entering in 2009 for which he was sentenced to one year in prison. (Id. at 13). Fauntleroy was 19 years old when he was

first sentenced to prison in 2000. (Id. at 14). He was last released from prison in September 2010. (Id. at 14). The trial court recognized that at age 32, Fauntleroy was still committing burglaries. (Id. at 15). The trial court found that Fauntleroy served seven years in prison and upon release went right back to burglarizing homes. (Id. at 15-16). The trial court remarked,

> You know, there's one thing that being a citizen and an American provides us, and that's the right to own property and have a sanctuary in our home. It's off limits to everyone that we don't want there. Our homes are off limits, and you abused that, right?
>
> * * *
>
> On numerous occasions. That's our sanctuary is our home. Off limits. We want to feel safe, secure, exclude everyone in the world out of our home if we want to.

Sent. T. at 16.

{¶9} Such findings have been found sufficient to satisfy the factual findings requirement under R.C. 2929.19(C)(4). *State v. Jones, supra*, 2012–Ohio–2075 ¶ 23 (where the trial court stated during the sentencing hearing that it was ordering the prison terms to be served consecutively because the defendant had an extensive criminal history and the victims had been seriously injured, these statements were sufficient to show that the trial court's imposition of consecutive sentences was appropriate and complied with R.C. 2929 .14(C)(4)); *State v. Johnson,* 8th Dist. No. 97579, 2012–Ohio–2508 ¶ 12 (when the court made findings related to the appellant's specific conduct in the case and his repeated engagement in criminal activity, it

properly found that the sentence was not disproportionate to his conduct and threat he posed to society).

**{¶10}** Although the trial court in the present matter may not have used the exact wording of the statute in reaching the findings to support the imposition of consecutive sentences, courts have found that, in making findings regarding consecutive sentencing, "a verbatim recitation of the statutory language is not required by the trial court." *State v. Green,* 11th Dist. No. 2003–A–0089, 2005–Ohio–3268 ¶ 26, citing *State v. Grissom,* 11th Dist. No. 2001–L–107, 2002–Ohio–5154 ¶ 21. *State v. Frasca, supra*, 2012-Ohio-3746, ¶ 60.

**{¶11}** We find that the record adequately reflect consecutive sentences were necessary to protect the public and to punish Fauntleroy, and that they were not disproportionate to the seriousness of his conduct and the danger he posed to the public. In addition, Fauntleroy's history of criminal conduct demonstrated that consecutive sentences were necessary to protect the public from future crime.

**{¶12}** We overrule Fauntleroy's sole assignment of error.

{¶13} For the reasons set forth above, Fauntleroy's the judgment of the Muskingum County Court of Common Pleas is affirmed.

By Gwin, P.J., and

Edwards, J., concur;

Hoffman, J., dissents

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN

_____
HON. JULIE A. EDWARDS

WSG:clw 1002

*Hoffman, J., dissenting*

{¶14} I respectfully dissent from the majority opinion.  H.B. 86 revised the statutory language to require the trial court to make certain statutorily enumerated findings prior to imposing consecutive sentences.  I find the record does not demonstrate the trial court made those findings herein.  The majority cites the facts of the case and the trial court's remarks "our homes are off limits" and "our sanctuary is our home" as sufficient "findings".  I disagree, and would remand the matter to the trial court for the limited purpose of resentencing in accordance with the law as revised by H.B. 86.

_____

HON. WILLIAM B. HOFFMAN

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| WAYNE FAUNTLEROY | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. CT2011-0001 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Muskingum County Court of Common Pleas is affirmed.

Costs to appellant.

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN

_____
HON. JULIE A. EDWARDS