[Cite as *State v. Patterson*, 2012-Ohio-5600.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. Patricia A. Delaney, P. J. |
| Plaintiff-Appellee | Hon. Sheila G. Farmer, J. |
| | Hon. John W. Wise, J. |
| -vs- | |
| | Case No. CT2012-0029 |
| DARIAN R. PATTERSON | |
| | |
| Defendant-Appellant | O P I N I O N |


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Criminal Appeal from the Court of Common Pleas, Case No.  CR2011-0103 |
| | |
| JUDGMENT: | Affirmed |
| | |
| DATE OF JUDGMENT ENTRY: | November 30, 2012 |


APPEARANCES:

| | |
|---|---|
| For Plaintiff-Appellee | For Defendant-Appellant |
| | |
| RON WELCH | DAVID A. SAMS |
| ASSISTANT PROSECUTOR | Box 40 |
| 27 North Fifth Street | West Jefferson, Ohio  43162 |
| Zanesville, Ohio  43701 | |

*Wise, J.*

{¶1}    Defendant-appellant Darian R. Patterson appeals his sentence and conviction on two counts of drug trafficking and one count of having weapons while under disability following a guilty plea in the Muskingum County Court of Common Pleas.

{¶2}    Plaintiff-appellee is the State of Ohio.

## STATEMENT OF THE CASE AND FACTS

{¶3}    On or about November 20, 2012, a Confidential Informant (C.I.), working for the Zanesville Police Department, went to 725 Bates Street in Zanesville, Ohio, in a vehicle with two Zanesville Police Department detectives. The C.I. was greeted at the door of the residence by Gary A. Workman. The C.I. asked Gary if he could get an "80" and Gary said "yeah". Gary yelled out "need a[n] 80".  The C.I. stated that he dealt with Appellant Darian Patterson in the living room by the couch. Gary Workman was present in the kitchen mopping the floor. The C.I. got the Crack from Appellant and handed $80.00 to Appellant. The C.I. stated there was an all black in color semi-auto pistol on the coffee table within reach of Appellant during the deal,and Appellant cut the Crack with a razor off a large chunk that was on a dinner plate. The C.I. gave the off-white hard substance to one of the detectives upon return to the vehicle. The C.I. and two detectives returned to ZPD headquarters where the substance was weighed (.6 grams+/-) and tested positive for Cocaine substance.

{¶4}    On or about November 20, 2010, a C.I. working for the Zanesville Police Department went to 725 Bates Street, in a vehicle with two Zanesville Police Department detectives, for a second buy of Crack. Leitsa Lang answered the door and

let the C.I. inside. The C.I. asked for $100 worth of Crack Cocaine and handed $100 to Lang who then gave the money to Appellant. The C.I. saw the same plate from the first buy now on the kitchen table in front of Appellant. Appellant cut up the Crack Cocaine on the plate with a razor blade and gave it to Lang who put the Crack in a baggie, tied it off, cut off the top part of the baggie, and gave it to the C.I.. The C.I. returned to the vehicle and gave the hard off-white substance to one of the detectives. A field test was positive for Cocaine Substance.

{¶5} The detectives advised the Special Response Team to secure the residence for Search Warrant Execution. The C.I. and detectives returned to the Zanesville Police Department headquarters. Thereafter, one of the detectives returned to 725 Bates Street to conduct a search of the residence.

{¶6} A search of 725 Bates Street produced: discovery of Appellant Darian Patterson possessing $786.00,which $100.00 of second buy money was recovered; a loaded Davis handgun; off-white substance on a scale; green leafy substance; off-white substance with razor blade on a plate on the floor of the living room; off-white substance in a baggie under the ottoman in the living room; and a loaded Bersa 9mm handgun in the kitchen. Search of the bedroom where Charles Workman III resides produced 2 portable scales, a loaded Hi-point 40 caliber handgun, and a loaded Hi-Point 9mm handgun.

{¶7} Appellant was indicted upon the following: two Counts of Trafficking in Drugs (Crack Cocaine)(Forfeiture Specification), both felonies of the fifth degree; one count of Possession of Drugs (Crack Cocaine)(Forfeiture Specification), a felony of the fourth degree; two counts of Having a Weapon While Under Disability, both felonies of

the third degree; and one count of Possession of Drugs (Crack Cocaine)(Forfeiture Specification), a felony of the third degree.

{¶8} On January 25, 2012, Appellant was arraigned and pled not guilty.

{¶9} On April 4, 2012, Appellant entered a negotiated plea of "guilty" to one count of Trafficking in Drugs (Crack Cocaine)(Forfeiture Specification), a felony of the fifth degree; one Count of Trafficking in Drugs (Crack Cocaine)(Forfeiture Specification), a felony of the fifth degree; and one count of having a weapon under disability, a felony of the third degree. In exchange for this plea, the State agreed to recommend a sentence of two years in prison. In addition, the State agreed to *nolle* Counts Five, Eight, and Eleven at the time of sentencing.

{¶10} On May 7, 2012, the parties returned to Court for sentencing. The trial court ordered that the Defendant/Appellant serve a prison term of forty-seven (47) months as follows: Count One - eleven (11) months in prison; Count Three- eleven (11) months in prison to run concurrent to Count One; Count Seven- thirty-six (36) months in prison to run consecutive to the aggregate total of Counts One and Three.

{¶11} Appellant now appeals, assigning the following errors for review:

**ASSIGNMENTS OF ERROR**

{¶12} "I. THE INDICTMENT CHARGING DEFENDANT-APPELLANT WITH HAVING A WEAPON UNDER DISABILITY IS STRUCTURALLY INSUFFICIENT CONTRARY TO OHIO LAW AND THE STATE AND FEDERAL CONSTITUTIONS.

{¶13} "II. THE DEFENDANT-APPELLANT'S CONVICTION IS VOID AS CONTRARY TO OHIO LAW AND THE STATE AND FEDERAL CONSTITUTIONS.

**{¶14}** "III. THE DEFENDANT-APPELLANT'S PLEA WAS UNKNOWING, UNINTELLIGENT AND INVOLUNTARY CONTRARY TO OHIO LAW AND THE STATE AND FEDERAL CONSTITUTIONS.

**{¶15}** "IV. THE DEFENDANT-APPELLANT WAS DEPRIVED OF THE EFFECTIVE ASSISTANCE OF COUNSEL CONTRARY TO THE STATE AND FEDERAL CONSTITUTIONS.

**{¶16}** "V. THE DEFENDANT-APPELLANT WAS DENIED DUE PROCESS BY A SENTENCE CONTRARY TO OHIO LAW AND THE STATE AND FEDERAL CONSTITUTIONS."

**I.**

**{¶17}** In his First Assignment of Error, appellant argues that the indictment was structurally insufficient and contrary to law. We disagree.

**{¶18}** As to the having weapons while under disability charges, Appellant argues that the indictment in this case failed to allege the actual dates of Appellant's prior convictions and was therefore insufficient.

**{¶19}** Appellant entered a guilty plea in this case. " '[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process.' " S*tate v. Spates,* 64 Ohio St.3d 269, 272, 595 N.E.2d 351 (1992), quoting *Tollett v. Henderson,* 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). When a criminal defendant admits to the facts contained in the indictment, all independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea are thereby waived. *Id.* This waiver includes any right to challenge defects in the indictment. *State v. Martin,* 8th Dist. No. 95281, 2011–Ohio–222, ¶ 20. The defendant's only

recourse, with regard to non-jurisdictional defects, is to raise an issue with the voluntary and intelligent character of the guilty plea or with the effectiveness of his trial counsel for rendering advice pertaining to the plea. *Spates; see also State v. Alexander,* 10th Dist. Nos. 05AP–192 and 05AP–245, 2006–Ohio–1298, ¶ 12–13 (the defendant, by pleading guilty to the charges, waived any non-jurisdictional error committed in the course of the proceedings to that point, including any error with respect to the court's failure to appoint new counsel)

{¶20} Because Appellant entered a guilty plea in this matter, such plea to the indictment waived any defect.

{¶21} Further, upon review of the indictment in this matter, we find that such contained the case numbers, courts of conviction, nature of the offense and month and year of the prior convictions. As such, we do not find the indictment to me insufficient as to said charges.

{¶22} Appellant's First Assignment of Error is overruled.

II., III.

{¶23} In his Second and Third Assignments of Error, appellant argues that his conviction is void and contrary to law, and that his plea was not made knowingly, intelligently or voluntarily. We disagree.

{¶24} Crim.R. 11 governs pleas. Subsection (C)(2) states the following:

{¶25} "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

**{¶26}** "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

**{¶27}** "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

**{¶28}** "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself

**{¶29}** Appellant herein argues that during the plea hearing, the prosecuting attorney admitted that the alleged firearm in this matter was inoperable, and that Appellant's conviction for having a weapon while under disability was therefore based on insufficient evidence.

**{¶30}** As stated above, a guilty plea waives all appealable errors except for a challenge as to whether the defendant made a knowing, intelligent and voluntary acceptance of the plea. *State v. Spates* (1992), 64 Ohio St.3d 269, 272-273.

**{¶31}** Appellant further maintains his plea was not knowingly, voluntarily and intelligently entered because he pled guilty to an insufficient indictment. Herein, Appellant incorporates the arguments he made in his First and Second Assignments of

Error. Having found no merit to Appellant's claim his indictment was insufficient, we cannot find his plea was not knowingly, voluntarily, and intelligently entered based on this reason

**{¶32}** Appellant's Second and Third Assignments of Error are overruled.

IV.

**{¶33}** In his Fourth Assignment of Error, Appellant claims that he was denied the effective assistance of counsel. We disagree.

**{¶34}** A claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to Appellant. The second prong is whether Appellant was prejudiced by counsel's ineffectiveness. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373. In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. *Bradley* at 142, 538 N.E.2d 373. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists counsel's conduct fell within the wide range of reasonable professional assistance. *Id.*

**{¶35}** In order to warrant a reversal, Appellant must additionally show he was prejudiced by counsel's ineffectiveness. "Prejudice from defective representation sufficient to justify reversal of a conviction exists only where the result of the trial was unreliable or the proceeding fundamentally unfair because of the performance of trial

counsel." *State v. Carter* (1995), 72 Ohio St.3d 545, 558, 651 N.E.2d 965, citing *Lockhart v. Fretwell* (1993), 506 U.S. 364, 370, 113 S.Ct. 838, 122 L.Ed.2d 180.

**{¶36}** The United States Supreme Court and the Ohio Supreme Court have held a reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Bradley* at 143, 538 N.E.2d 373, quoting *Strickland* at 697.

**{¶37}** Appellant argues that his counsel was ineffective for allowing Appellant to plea to the charges in the indictment for the reasons set forth in the above assignments of error. Having found no merit in Appellant's First, Second, and Third Assignments of Error, we find Appellant is unable to satisfy either prong of *Strickland.*

**{¶38}** Appellant's Fourth Assignment of Error is overruled

V.

**{¶39}** In his Fifth Assignment of Error, Appellant claims that his sentence was contrary to law and therefore violated his right to due process. We disagree.

**{¶40}** Specifically, Appellant argues that the trial court erred in imposing consecutive sentences in this matter.

**{¶41}** "It is well-established that a sentence that is agreed upon as part of a negotiated plea, and that does not exceed the statutory maximum sentence applicable to the crime, is not subject to appellate review pursuant to R.C. § 2953.08(D)." *State v. Yeager,* Carroll App.No. 03CA786, 2004–Ohio–3640, ¶ 21 (additional citations omitted).

**{¶42}** However, in the case sub judice, the record indicates that the trial court sentenced Appellant to more than that which was recommended by the State. In these

circumstances, we find Appellant has not waived his right to challenge his sentence upon direct appeal.

**{¶43}** 2011 Am.Sub.H.B. No. 86, which became effective on September 30, 2011, revived the language provided in former R.C. 2929.14(E) and moved it to R.C. 2929.14(C)(4). The revisions to the felony sentencing statutes under 2011 Am.Sub.H.B. No. 86 now require a trial court to make specific findings when imposing consecutive sentences. R.C. 2929.14(C)(4) provides, in relevant part:

**{¶44}** "(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender **and** that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, **and** if the court also finds any of the following:

**{¶45}** "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

**{¶46}** "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

**{¶47}** "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. (Emphasis added).

**{¶48}** In Section 11, the legislature explained that in amending former R.C. 2929.14(E)(4), it intended "to simultaneously repeal and revive the amended language in those divisions that was invalidated and severed by the Ohio Supreme Court's decision in *State v. Foster* (2006), 109 Ohio St.3d 1." The General Assembly further explained that the amended language in those divisions "is subject to reenactment under the United States Supreme Court's decision in *Oregon v. Ice* (2009), 555 U.S. 160, and the Ohio Supreme Court's decision in *State v. Hodge* (2010), —— Ohio St.3d –——, Slip Opinion No. 2010–Ohio–6320." Thus, it is the legislature's intent that courts interpret the language in R.C. 2929.14(C)(4) in the same manner as the courts did prior to *State v. Foster,* 109 Ohio St.3d 1, 2006–Ohio–856, 845 N.E.2d 470.

**{¶49}** The First District Court of Appeals has observed:

**{¶50}** "The consecutive-sentence findings required by R.C. 2929.14(C) are not the same as those required by former R.C. 2929.19(B)(2), which provided that the trial court "shall impose a sentence and shall make a finding that *gives its reasons* for selecting the sentence * * * (c) If it imposes consecutive sentences ." (Emphasis added.) *See State v. Comer,* 99 Ohio St.3d 463, 2003–Ohio–4165, 793 N.E.2d 473, ¶ 14–16. In 2003, the Ohio Supreme Court held that the requirement that a trial court give its reasons for selecting consecutive sentences was "separate and distinct from the duty to make the findings," and it imposed an obligation on trial courts to articulate the reasons supporting their findings at the sentencing hearing. *Id.* at ¶ 19–20, 793 N.E.2d 473. The

trial court's obligation to "give its reasons" is now gone from the sentencing statutes. Gone with it, we hold, is the requirement that the trial court articulate and justify its findings at the sentencing hearing. A trial court is free to do so, of course. But where, as here, there is no statutory requirement that the trial court articulate its reasons, it does not commit reversible error if it fails to do so, as long as it has made the required findings. *See Phillips,* 1st Dist. No. C–960898, 1997 Ohio App. LEXIS 2615, 1997 WL 330605. *State v. Alexander*, 1st Dist. Nos. C-110828, C-110829, 2012-Ohio-3349, ¶ 18. *Accord, State v. Frasca,* 11th Dist. 2011-T-0108, 2012-Ohio-3746, ¶ 57.

**{¶51}** The trial court is not required to recite any "magic" or "talismanic" words when imposing consecutive sentences provided it is "clear from the record that the trial court engaged in the appropriate analysis." *State v. Murrin,* 8th Dist. No. 83714, 2004–Ohio–3962, ¶ 12. *Accord, State v. Jones*, 1st Dist. No. C-110603, 2012-Ohio-2075, ¶ 22. An appellate court may only sustain an assignment of error challenging the imposition of consecutive sentences under R.C. 2929.14 if the appellant shows that the judgment was clearly and convincingly contrary to law. R.C. 2953.08(G).

**{¶52}** In the case at bar, the Presentence Investigation reviewed by the trial court, along with the trial court's colloquy with Appellant, revealed that Appellant had been sentenced to prison on two prior offenses. Appellant had a conviction in Mahoning County for robbery with a firearm specification which resulted in a three year prison term. Less than a year after his release, Appellant was convicted of two counts of improperly discharging a firearm (into a habitation) and having a weapon while under disability which resulted in a six year prison sentence. Less than one year later, Appellant was convicted of trafficking in marijuana in Summit County. Less than eight

months later, Appellant committed the offenses that are the subject of this appeal. (Plea T. at 7-9).

**{¶53}** Additionally, the trial court noted that Appellant had committed a robbery offense with a firearm when he was fourteen years old. (Plea T. at 9).

**{¶54}** Such findings, when coupled with the trial court's acknowledgement that it has read and considered the PSI, are sufficient to satisfy the factual findings requirement under R.C. 2929.19(C)(4). *Cf. State v. Jones, supra*, 2012–Ohio–2075 ¶ 23 (where the trial court stated during the sentencing hearing that it was ordering the prison terms to be served consecutively because the defendant had an extensive criminal history and the victims had been seriously injured, these statements were sufficient to show that the trial court's imposition of consecutive sentences was appropriate and complied with R.C. 2929.14(C)(4)); *State v. Johnson,* 8th Dist. No. 97579, 2012–Ohio–2508 ¶ 12 (when the court made findings related to Appellant's specific conduct in the case and his repeated engagement in criminal activity, it properly found that the sentence was not disproportionate to his conduct and threat he posed to society).

**{¶55}** Although the trial court in the present matter may not have used the exact wording of the statute in reaching these findings, courts have found that, in making findings regarding consecutive sentencing, "a verbatim recitation of the statutory language is not required by the trial court." *State v. Green,* 11th Dist. No. 2003–A–0089, 2005–Ohio–3268 ¶ 26, citing *State v. Grissom,* 11th Dist. No. 2001–L–107, 2002–Ohio–5154 ¶ 21. *State v. Frasca, supra*, 2012-Ohio-3746, ¶ 60.

**{¶56}** The entire record adequately reflects consecutive sentences were necessary to protect the public and to punish Appellant, and that they were not

disproportionate to the seriousness of his conduct and the danger he posed to the public. In addition, Appellant's history of criminal conduct demonstrated that consecutive sentences were necessary to protect the public from future crime.

**{¶57}** Based on the above facts and the record herein, we find no error in the indictment in this matter and further find that the trial court did not abuse its discretion in sentencing Appellant to 47 months in prison.

**{¶58}** Appellant's Fifth Assignment of Error is overruled.

**{¶59}** For the foregoing reasons, the judgment of the Court of Common Pleas, Muskingum County, Ohio, is affirmed.

By: Wise, J.

Delaney, P. J., and

Farmer, J., concur.

_____

_____

_____

                                                              JUDGES

JWW/d 1115

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                                    :
                                                 :
    Plaintiff-Appellee                       :
                                                 :
-vs-                                             :                    JUDGMENT ENTRY
                                                 :
DARIAN R. PATTERSON                              :
                                                 :
    Defendant-Appellant                      :                    Case No. CT2012-0029

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is affirmed.

Costs assessed to Appellant.

                                 _____

                                 _____

                                 _____

                                           JUDGES