[Cite as *State v. Wright*, 2018-Ohio-877.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

STATE OF OHIO,                  :        APPEAL NO. C-170278
                                         TRIAL NO. B-1607332
    Plaintiff-Appellee,     :
                                              *O P I N I O N.*
  vs.                          :

JACQUELINE WRIGHT,              :

    Defendant-Appellant.    :


Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed in Part, Sentences Vacated in Part, and Cause Remanded

Date of Judgment Entry on Appeal:  March 9, 2018


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Stuart W. Penrose*, for Defendant-Appellant.

**MILLER, Judge.**

{¶1} Jacqueline Wright was indicted on eight counts of theft following a spree of breaking into vehicles and stealing credit cards therein. Wright entered a plea of no contest, and was found guilty on all eight counts. The trial court imposed concurrent ten-month sentences on counts 1, 2, and 3, which it ran consecutively to consecutive ten-month sentences on counts 4, 5, 6, 7, and 8. In aggregate, the court imposed a 60-month prison sentence for the eight counts of theft. Wright now appeals.

{¶2} In her first assignment of error, Wright challenges the trial court's failure to merge counts 1 and 3 as allied offenses of similar import. The state concedes this error, and agrees that the cause should be remanded for the limited purpose of merging the counts. Under R.C. 2941.25, allied offenses of similar import must merge. "When the defendant's conduct constitutes a single offense, the defendant may be convicted and punished only for that offense." *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 24. When considering whether allied offenses merge into a single conviction under R.C. 2941.25(A), the reviewing court must first take into account the conduct of the defendant. *Id.* at ¶ 25. "If any of the following is true, the offenses cannot merge and the defendant may be convicted and sentenced for multiple offenses: (1) the offenses are dissimilar in import or significance—in other words, each offense caused separate, identifiable harm, (2) the offenses were committed separately, or (3) the offenses were committed with separate animus or motivation." *Id. See State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923.

{¶3} In this case, Wright broke into a vehicle and stole two credit cards belonging to Nicholas Staples, which led to her indictment on counts 1 and 3 for

theft, in violation of R.C. 2913.02(A)(1). Wright's conduct victimized one person in a single event, thus the harm was not separate and distinct. Therefore, counts 1 and 3 are of similar import and must be merged. The trial judge said as much on the record, but ultimately the sentence did not reflect this conclusion. We sustain Wright's first assignment of error.

{¶4} In her second assignment of error, Wright argues that the trial court failed to make all of the findings necessary under R.C. 2929.14(C)(4) prior to imposing consecutive sentences. Our standard of review of felony sentencing is set forth by statute:

> The court hearing an appeal [of a felony sentence] shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following: (a) That the record does not support the sentencing court's findings * * *; (b) That the sentence is otherwise contrary to law.

R.C. 2953.08(G)(2). *See, e.g., State v. White,* 2013-Ohio-4225, 997 N.E.2d 629 (1st Dist.).

{¶5} Under R.C. 2929.14(C)(4), the trial court may impose consecutives sentences if it finds

that the consecutive sentence is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶6}    The trial court is not required to state the letter of the statute verbatim as long as the reasons for the sentence are apparent from the record. *See State v. Jones,* 1st Dist. Hamilton No. C-110603, 2012-Ohio-2075, ¶ 22; *State v. Wedge,* 1st Dist. Hamilton No. C-000747, 2001 WL 1635585 (Dec. 21, 2001). Having reviewed the record, including the transcript of the sentencing hearing, we find that the trial court imposed consecutive sentences in accordance with R.C. 2929.14(C)(4). During the sentencing hearing, the trial court stated that the consecutive sentences were necessary

to protect the public from Wright's conduct and to punish Wright for the string of thefts, and were warranted because of Wright's disregard for the safety of the community and because she had a criminal record. The court also noted that Wright committed the crimes while on probation. We hold that the trial court's imposition of consecutive sentences was appropriate and supported by the record. Therefore, we overrule Wright's second assignment of error.

### Conclusion

{¶7}   In conclusion, we vacate Wright's sentences for theft on counts 1 and 3, and remand the matter to the trial court for the purpose of allowing the state to elect which allied offense to pursue for sentencing. The trial court's judgment is affirmed in all other respects.

Affirmed in part, sentences vacated in part, and cause remanded.

**MOCK, P.J.,** and **ZAYAS, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.