[Cite as *State v. Takos*, 2013-Ohio-565.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| STATE OF OHIO | : | Hon. Patricia A. Delaney, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2012-CA-0078 |
| JEFFREY MICHAEL TAKOS | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal appeal from the Richland County
                             Court of Common Pleas Court, Case No.
                             2012-CR-50H

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      February 5, 2013

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

JAMES J. MAYER, JR.                   ANDREW M. KVOCHICK
Richland County Prosecuting Attorney  Weldon, Huston & Keyser, LLP
38 S. Park Street                     76 N. Mulberry Street
Mansfield, OH  44902                  Mansfield, OH  44902

*Delaney, P.J.,*

{¶1} Appellant Jeffrey Takos was indicted with Theft, a felony of the fifth degree, Receiving Stolen Property, a felony of the fifth degree, Misuse of a Credit Card, a misdemeanor of the first degree, Forgery, a felony of the fifth degree, Falsification, a misdemeanor of the first degree, and Tampering with Evidence, a felony of the third degree.

{¶2} On June 27, 2012, Takos entered a guilty plea to Theft, a felony of the fifth degree, and Attempted Tampering with Evidence, a felony of the fourth degree. The state dismissed the balance of the charges.

{¶3} On August 1, 2012, the trial court sentenced Takos to a maximum sentence of twelve months on the theft charge consecutive to a maximum sentence of eighteen months on the attempted tampering with evidence charge. Defense counsel objected.

{¶4} In its sentencing entry form, the trial court checked boxes indicating that consecutive sentences were "necessary to protect the public from future crime or to punish the offender and consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public and because * * * The offender committed one or more of the offenses while under a community control sanction or PRC for a prior offense * * * The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."

{¶5} Appellate counsel for Takos has filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493(1967),

*rehearing denied*, 388 U.S. 924, 87 S.Ct. 2094, 18 L.Ed.2d 1377(1967), indicating that the within appeal is wholly frivolous and setting forth four proposed assignments of error. Takos did not file a pro se brief alleging any additional assignments of error. The state did not file a brief in this case.

**{¶6}** Counsel raises the following proposed Assignments of Error:

**{¶7}** "I. WHETHER THE TRIAL COURT ERRED IN IMPOSING CONSECUTIVE SENTENCES.

**{¶8}** "II. WHETHER THE TRIAL COURT ERRED IN IMPOSING MAXIMUM SENTENCES.

**{¶9}** "III. WHETHER THE TRIAL COURT ERRED IN FAILING TO CONSIDER COMMUNITY CONTROL SANCTIONS FOR FELONIES OF THE FOURTH AND FIFTH DEGREE.

**{¶10}** "IV. WHETHER THE TRIAL COURT ABUSED ITS DISCRETION BY CONSIDERING UNPROVEN ALLEGATIONS AT SENTENCING."

I, II, III, and IV

**{¶11}** Because we find the issues raised in Takos' Assignments of Error are closely related, for ease of discussion, we shall address the Assignments of Error together.

**{¶12}** Takos argues that the trial erred court because it failed to consider community control sanctions for a felonies of the fourth and fifth degree as required by R.C. 2929.13(B)(1)(a).

**{¶13}** R.C. 2929.13 Sentencing guidelines for various specific offenses and degrees of offenses provides in relevant part,

(B)(1)(a) Except as provided in division (B)(1)(b) of this section, if an offender is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence, the court shall sentence the offender to a community control sanction of at least one year's duration if all of the following apply:

(i) The offender previously has not been convicted of or pleaded guilty to a felony offense or to an offense of violence that is a misdemeanor and that the offender committed within two years prior to the offense for which sentence is being imposed.

(ii) The most serious charge against the offender at the time of sentencing is a felony of the fourth or fifth degree.

(iii) If the court made a request of the department of rehabilitation and correction pursuant to division (B)(1)(c) of this section, the department, within the forty-five-day period specified in that division, provided the court with the names of, contact information for, and program details of one or more community control sanctions of at least one year's duration that are available for persons sentenced by the court.

{¶14} In the case at bar, the record reflects that Takos admitted at the sentencing hearing that he has past felony convictions. Accordingly, the presumption in favor of community control sanctions does not apply to Takos. R.C. 2929.13(B)(1)(a)(i).

{¶15} Accordingly, we agree with counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal challenging the trial court's decision not to sentence Takos to community control sanctions.

**{¶16}** Takos also argues that the trial court erred by giving him the maximum sentence.

**{¶17}** In *State v. Kalish*, 120 Ohio St.3d 23, 2008–Ohio–4912, 896 N.E.2d 124, the Ohio Supreme Court reviewed its decision in *State v. Foster*, 109 Ohio St.3d 1, 2006–Ohio–856, 845 N.E.2d 470 as it relates to the sentencing statutes and appellate review of felony sentencing. *See, State v. Snyder*, Licking App. No. 2008–CA–25, 2080–Ohio–6709, 2008 WL 5265826.

**{¶18}** In *Kalish*, the Court discussed the affect of the *Foster* decision on felony sentencing. The Court stated, in *Foster*, the Ohio Supreme Court severed the judicial fact-finding portions of R.C. 2929.14, holding that "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *Kalish* at ¶ 1 and 11, 896 N.E.2d 124, citing *Foster* at ¶ 100, *See also, State v. Payne*, 114 Ohio St.3d 502, 2007–Ohio–4642, 873 N.E.2d 306; *State v. Firouzmandi*, Licking App. No. 2006–CA–41, 2006–Ohio–5823, 2006 WL 3185175.

**{¶19}** *Kalish* held in reviewing felony sentences and applying *Foster* to the remaining sentencing statutes, the appellate courts must use a two-step approach. "First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision in imposing the term of imprisonment shall be reviewed under an abuse of discretion standard." *Kalish* at ¶ 4: *State v. Foster*, 109 Ohio St.3d 1, 2006–Ohio–856, 845 N.E.2d 470.

{¶20} The Supreme Court held, in *Kalish*, the trial court's sentencing decision was not contrary to law. "The trial court expressly stated that it considered the purposes and principles of R.C. 2929.11, as well as the factors listed in R.C. 2929.12. Moreover, it properly applied post release control, and the sentence was within the permissible range. Accordingly, the sentence is not clearly and convincingly contrary to law." *Kalish* at ¶ 18. The Court further held the trial court "gave careful and substantial deliberation to the relevant statutory considerations" and there was "nothing in the record to suggest that the court's decision was unreasonable, arbitrary, or unconscionable." *Kalish* at ¶ 20.

{¶21} We first find the trial court's sentence was not contrary to law. We also find the trial court considered the applicable felony sentencing statutes, determined Takos was not amenable to community control sanctions, and determined the overriding purposes of felony sentencing warranted the maximum prison terms for each offense.

{¶22} In the case at bar, the trial court conducted a sentencing hearing in open court. Takos concedes that the trial court considered statements from him and his legal counsel; the overriding purposes of felony sentencing; the statutory factors set forth in R.C. 2929.12 and 2929.13; the Pre-Sentence Investigation report, which indicated that Takos had a prior criminal history, and the seriousness and recidivism factors, before deciding on a prison term.

{¶23} Based on the record, the transcript of the sentencing hearing and the subsequent judgment entry, this Court cannot find that the trial court acted unreasonably, arbitrarily, or unconscionably, or that the trial court violated Takos' rights to due process under the Ohio and United States Constitutions in its sentencing him.

Further, the sentence in this case is not so grossly disproportionate to the offense as to shock the sense of justice in the community.

**{¶24}** Upon review, we agree with counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal challenging the trial court's decision to impose the maximum sentences.

**{¶25}** Takos further maintains the trial court improperly imposed consecutive sentences.

**{¶26}** 2011 Am.Sub.H.B. No. 86, which became effective on September 30, 2011, revived the language provided in former R.C. 2929.14(E) and moved it to R.C. 2929.14(C)(4). The revisions to the felony sentencing statutes under 2011 Am.Sub.H.B. No. 86 now require a trial court to make specific findings when imposing consecutive sentences. R.C. 2929.14(C)(4) provides, in relevant part:

> (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender **and** that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, **and** if the court also finds any of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

(Emphasis added). In Section 11, the legislature explained that in amending former R.C. 2929.14(E)(4), it intended "to simultaneously repeal and revive the amended language in those divisions that was invalidated and severed by the Ohio Supreme Court's decision in *State v. Foster* (2006), 109 Ohio St.3d 1." The General Assembly further explained that the amended language in those divisions "is subject to reenactment under the United States Supreme Court's decision in *Oregon v. Ice* (2009), 555 U.S. 160, and the Ohio Supreme Court's decision in *State v. Hodge* (2010), —— Ohio St.3d – ——, Slip Opinion No. 2010–Ohio–6320." Thus, it is the legislature's intent that courts interpret the language in R.C. 2929.14(C)(4) in the same manner as the courts did prior to *State v. Foster,* 109 Ohio St.3d 1, 2006–Ohio–856, 845 N.E.2d 470.

**{¶27}** We have consistently stated that the record must clearly demonstrate that consecutive sentences are not only appropriate, but are also clearly supported by the record. See, *State v. Fauntleroy,* 5th Dist. No. CT2012-0001, 2012-Ohio-4955; *State v. Bonnell,* 5th Dist. No. 12CAA3022, 2012Ohio-515.

**{¶28}** When it is clear from the record that the trial court engaged in the appropriate analysis, little can be gained by sending the case back for the trial court to, in essence, recite the "magic" or "talismanic" words when imposing consecutive sentences. In other words, because the record supports the trial court's imposition of consecutive sentences, the trial court cannot err in imposing consecutive sentences after remand. Our review on appeal of any subsequent resentencing will be directed at looking at the entire trial court record to determine if that record supports the trial court's findings that the R.C. 2929.14(C) factors were met. *See, State v. Alexander,* 1st Dist. Nos. C–110828, C–110829, 2012–Ohio–3349, ¶ 18; *State v. Frasca,* 11th Dist. 2011–T–0108, 2012–Ohio–3746, ¶ 57.

**{¶29}** In the case at bar the PSI reviewed by the trial court reveals numerous prior charges, many similar in nature to the conduct alleged in this case. The trial judge remarked,

> Presentence study indicates what the Court knew it would. The Defendant has been on a crime wave for the last several years and continues to be. 13 arrests in 14 years.
>
> * * *
>
> Now, I'm asking Mr. Takos. To what effect do we, now place you on community control when you have proven that you are not amenable, have never been amenable to supervision? To what effect would I do that?
>
> * * *

That's what I figured. We get down to push to shove, you say I'll take the minimum sentence rather than probation. That's more realistic in some ways, because there's no question you've never been amenable.

\*\*\*

The first time I saw you in this courthouse, I said here's a young man, an intelligent young man. Maybe had –I guess maybe had a juvenile record, but I said here's a guy, we give him a chance, put him on probation, give him supervision, get him started in school, get him started toward making a life for himself, this man is going to make it.

\*\*\*

It's been a while ago. But since that time and since the time I believe that you really had a shot of making it, you got five pages of rap, including three separate felonies. So we'll see. We'll wait and see what happens, Mr. Takos. You turn the corner, you get yourself straight and turn away from this criminal crap that you've been involved in for all these years, make something special out of yourself as opposed to an inmate and a fool and we will be able and willing to do something different. Until you do, we treat you the way you act.

Sent. T., Aug 1, 2012 at 16; 17; 20.

**{¶30}** Upon review, we agree with counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal challenging the trial court's decision to impose the consecutive sentences.

**{¶31}** Takos next argues that the trial court considered unproven allegations in determining his sentence.

**{¶32}** We agree with counsel's conclusion that the record fails to demonstrate that the unproven allegations were the deciding factor in the trial court's sentencing decision. As noted above, there is sufficient independent evidence to support the trial court's sentencing decision, which renders any consideration of the unproven allegations harmless, there is no prejudice and reversal is unwarranted.

**{¶33}** Upon review, we agree with counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal challenging any consideration by the trial court of unproven allegations.

**{¶34}** Takos' four assignments of error are overruled in their entirety, and the decision of the Richland County Court of Common Pleas is affirmed.

By Delaney, P.J.,

Hoffman, J., and

Farmer, J., concur

_____

HON. PATRICIA A. DELANEY

_____

HON. WILLIAM B. HOFFMAN

_____

HON. SHEILA G. FARMER

PAD:clw 0107

*Hoffman, J., concurring*

{¶35} I concur in the majority opinion with the singular exception that I find the statute requires the trial court recite the "magic" or "talismanic" words when imposing consecutive sentences.

{¶36} In find the trial court complied with such requirement by checking the appropriate boxes on its sentencing entry form.

_____

HON. WILLIAM B. HOFFMAN

[Cite as *State v. Takos*, 2013-Ohio-565.]

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                       :
              Plaintiff-Appellee       :
                                       :
                                       :
-vs-                                   :       JUDGMENT ENTRY
                                       :
JEFFREY MICHAEL TAKOS                   :
                                       :
                                       :
              Defendant-Appellant      :       CASE NO. 2012-CA-0078


     For the reasons stated in our accompanying Memorandum-Opinion, the decision of

the Richland County Court of Common Pleas is affirmed.  Costs to Appellant.




                                       _____
                                       HON. PATRICIA A. DELANEY


                                       _____
                                       HON. WILLIAM B. HOFFMAN


                                       _____
                                       HON. SHEILA G. FARMER