[Cite as *State v. Ducker*, 2013-Ohio-3657.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 2012CA00192 |
| | : | |
| JAMES N. DUCKER | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Stark County Court of
                                Common Pleas, Case No. 2011CR1684

JUDGMENT:                       AFFIRMED IN PART, REVERSED IN
                                PART, AND REMANDED

DATE OF JUDGMENT ENTRY:         August 12, 2013

APPEARANCES:

For Plaintiff-Appellee:                 For Defendant-Appellant:

JOHN D. FERRERO, JR.                    KRISTINA SUPLER
STARK CO. PROSECUTOR                    Friedman & Frey, LLC
RONALD MARK CALDWELL                    1304 West 6th St.
110 Central Plaza S., Ste. 510          Cleveland, OH 44113
Canton, OH 44702-1413

*Delaney, J.*

{¶1}   Appellant James N. Ducker appeals from the June 22 and June 28, 2012 judgment entries of conviction and sentence in the Stark County Court of Common Pleas.  Appellee is the state of Ohio.  This case is related to *State v. Ducker*, 5th Dist. Stark No. 2012CA00193.

**FACTS AND PROCEDURAL HISTORY**

{¶2}   A statement of the facts underlying appellant's criminal convictions is not necessary to our resolution of this appeal.

{¶3}   On November 15, 2011, appellant was charged by indictment with one count of illegal use of a minor in a nudity-oriented material or performance [R.C. 2907.323(A)(1), a felony of the second degree)]; one count of unlawful sexual conduct with a minor [R.C. 2907.04(A), a felony of the third degree]; and one count of disseminating material harmful to juveniles [R.C. 2907.31(A)(1), a felony of the fifth degree].[1]  Appellant entered pleas of not guilty and a trial was scheduled for April 2012. In the meantime, appellant was free on a personal recognizance bond.

{¶4}   During pretrial proceedings, appellant's original defense trial counsel moved to withdraw and appellant retained new counsel.  The trial date was continued to May 2012.

{¶5}   While the original case was pending, appellant was charged by indictment with one count of tampering with evidence [R.C. 2921.12(A)(2), a felony of the third degree].[2]  Because appellant committed this offense while on bond in the original case,

---

[1] Stark County Court of Common Pleas case no. 2011CR1684.
[2] Stark County Court of Common Pleas case no. 2012CR0684.

the trial court revoked appellant's bond on May 14, 2012 and appellant remained incarcerated during pretrial proceedings.

{¶6} Also during the May 14, 2012 pretrial, defense trial counsel moved for a competency examination and appellant was ultimately found competent to stand trial.

{¶7} On June 20, 2012, a change-of-plea hearing was held in both cases; the trial court addressed the original charges and the tampering with evidence charge simultaneously. Appellant entered pleas of guilty as charged and was sentenced two days later to an aggregate prison term of eight years; appellant was also designated a Tier II sexual offender. The trial court noted appellant's sentence as follows: four years upon the count of count of illegal use of a minor in a nudity-oriented material or performance (Count I); 24 months upon the count of unlawful sexual conduct with a minor (Count II); 12 months upon the count of disseminating material harmful to juveniles (Count III); and 24 months on the count of tampering with evidence. Counts 1 and 2 are to be served consecutively, and consecutive to the term of 24 months on the separate tampering offense. Count III is to be served concurrently.

{¶8} We permitted appellant to file a delayed appeal from the judgment entry of sentence and conviction but denied his motion to consolidate both appeals. This opinion, therefore, addresses only appellant's appeal from the sentences in the underlying case, Stark County Court of Common Pleas case no. 2011CR1684.

{¶9}   Appellant raises three assignments of error:

**ASSIGNMENTS OF ERROR**

{¶10} "I.    THE TRIAL COURT ERRED AND IMPOSED A SENTENCE CONTRARY TO LAW BY FAILING TO ENGAGE IN THE REQUISITE ANALYSIS SET FORTH IN R.C. 2929.14(C)(4) FOR IMPOSITION OF CONSECUTIVE SENTENCES."

{¶11} "II.   THE TRIAL COURT ERRED BY EMPLOYING THE SENTENCING PACKAGE DOCTRINE."

{¶12} "III.   THE APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF HIS RIGHT TO COUNSEL UNDER THE 6TH AND 14TH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION."

**ANALYSIS**

I.

{¶13} In his first assignment of error, appellant argues the trial court failed to make requisite statutory findings in imposing consecutive sentences.  We agree.

{¶14} We have consistently held the record must clearly demonstrate consecutive sentences are appropriate and are supported by the record. 2011 Am.Sub.H.B. No. 86, which became effective on September 30, 2011, revived the language provided in former R.C. 2929.14(E) and moved it to R.C. 2929.14(C)(4). The revisions now require a trial court to make specific findings when imposing consecutive sentences. R.C. 2929.14(C)(4) provides in relevant part:

> (4) If multiple prison terms are imposed on an offender for
> convictions of multiple offenses the court may require the offender

to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶15} In Section 11, the legislature explained that in amending former R.C. 2929.14(E)(4), it intended "to simultaneously repeal and revive the amended language in those divisions that was invalidated and severed by the Ohio Supreme Court's

decision in *State v. Foster*, 109 Ohio St.3d 1 (2006)." The General Assembly further explained that the amended language in those divisions "is subject to reenactment under the United States Supreme Court's decision in *Oregon v. Ice*, 555 U.S. 160, [129 S.Ct. 711, 172 L.Ed.2d 517] (2009), and the Ohio Supreme Court's decision in *State v. Hodge*, [128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768].." Thus, it is the legislature's intent that courts interpret the language in R.C. 2929 .14(C)(4) in the same manner as the courts did prior to *State v. Foster*, 109 Ohio St.3d 1, 2006–Ohio–856, 845 N.E.2d 470.  *State v. Boyd*, 5th Dist. Richland No. 12CA23, 2013-Ohio-1333, ¶ 36.

{¶16} Appellant concedes his sentences are within the statutory range but argues the trial court failed to make the findings required by R.C. 2929.14(C)(4); appellee acknowledges the trial court noted appellant committed the tampering offense while on bond on the underlying offenses but the record is otherwise silent as to findings supporting the sentence.  We have consistently stated that the record must clearly demonstrate that consecutive sentences are not only appropriate, but are also clearly supported by the record. See, *State v. Fauntleroy*, 5th Dist. Muskingum No. CT2012–0001, 2012–Ohio–4955; *State v. Bonnell,* 5th Dist. Delaware No. 12CAA3022, 2012–Ohio–5150. Our review on appeal of any subsequent resentencing will be directed at looking at the entire trial court record to determine if that record supports the trial court's findings that the R.C. 2929.14(C) factors were met.  *State v. Takos*, 5th Dist. Richland No. 2012CA0078, 2013-Ohio-565, ¶ 28, citing *State v. Alexander*, 1st Dist. Hamilton Nos. C–110828, C–110829, 2012–Ohio–3349, ¶ 18; *State v. Frasca*, 11th Dist. Trumbull No. 2011–T–0108, 2012–Ohio–3746, ¶ 57.

{¶17} We find that findings supporting consecutive sentences were not made on the record at the sentencing hearing. The trial court noted appellant committed the latter offense while the original case was pending, but imposed the consecutive terms in a summary fashion, as appellee concedes.

{¶18} Appellant's first assignment of error is therefore sustained and this matter is remanded to the trial court for resentencing.

II.

{¶19} In his second assignment of error, appellant argues the trial court erred in failing to impose an individualized sentence for each count in case number 2011-CR-1684 prior to imposing a sentence in case number 2012-CR-684. This assignment of error is moot in light of our decision sustaining appellant's first assignment of error.

{¶20} Appellant's second assignment of error is therefore overruled.

III.

{¶21} In his third assignment of error, appellant argues he received ineffective assistance of trial counsel at the sentencing hearing. We disagree.

{¶22} To succeed on a claim of ineffectiveness, a defendant must satisfy a two-prong test. Initially, a defendant must show that trial counsel acted incompetently. *See*, *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). In assessing such claims, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689, citing *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158 (1955).

{¶23} "There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." *Strickland,* 466 U.S. at 689. The question is whether counsel acted "outside the wide range of professionally competent assistance." *Id.* at 690.

{¶24} Even if a defendant shows that counsel was incompetent, the defendant must then satisfy the second prong of the *Strickland* test. Under this "actual prejudice" prong, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.

{¶25} Appellant asserts defense trial counsel should have requested a presentence investigation, should have filed a sentencing memorandum, and should have presented evidence to mitigate the sentence. Appellant cites trial counsel's alleged "failure to create a thorough record" but fails to establish how the outcome of the sentencing hearing would have been different but for counsel's alleged deficiencies. We are unwilling to speculate the outcome of sentencing would have been different and therefore find appellant did not receive ineffective assistance of trial counsel.

{¶26} Appellant's third assignment of error is overruled.

**CONCLUSION**

{¶27} Appellant's first assignment of error is sustained and his second and third assignments of error are overruled. This matter is therefore reversed in part, affirmed in part, and remanded to the Stark County Court of Common Pleas for resentencing in accordance with this opinion.

By: Delaney, J. and

Gwin, P.J.

Hoffman, J., concur.

_____
HON. PATRICIA A. DELANEY

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN