[Cite as *State v. Bonnell*, 2012-Ohio-5150.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Sheila G. Farmer, J. |
| -vs- | |
| | Case No. 12CAA030022 |
| RANDALL L. BONNELL, JR. | |
| Defendant-Appellant | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Delaware County Court of Common Pleas, Case No. 11-CR-I-10-0542 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | November 5, 2012 |

APPEARANCES:

For Plaintiff-Appellee

For Defendant-Appellant

CAROL HAMILTON O'BRIEN
Delaware County Prosecuting Attorney

ERIC C. PENKAL
Assistant Prosecuting Attorney
Delaware County Prosecutor's Office
140 North Sandusky Street
Delaware, Ohio 43015

WILLIAM T. CRAMER
470 Olde Worthington Road, Suite 200
Westerville, Ohio 43082

*Gwin, P. J.,*

{¶1} Defendant-appellant Randall L. Bonnell, Jr. ["Bonnell"] appeals his sentence entered by the Delaware County Court of Common Pleas. Plaintiff-appellee is the state of Ohio.

*Procedural History[1]*

{¶2} On December 6, 2011, Bonnell entered into a negotiated plea agreement wherein he agreed to enter a plea of guilty to a fifth degree felony count of tampering with coin machines and to three counts of burglary, all third degree felonies. The tampering with coin machines charge carried a maximum penalty of twelve months imprisonment, and each count of burglary carried a sentence of up to thirty-six months in prison.

{¶3} On January 6, 2012, the trial court conducted a sentencing hearing. The court, via Judgment Entry of January 10, 2012, sentenced Bonnell to eleven months in prison for the tampering with coin machines. The court further found the three counts of burglary did not merge with the tampering count, and sentenced Bonnell to thirty months in prison for each count. The trial court ordered all four sentences to run consecutively to one another. The trial court further ordered Bonnell pay restitution in the amount of $2,837.00.

*Assignment of Error*

{¶4} Bonnell now appeals, assigning as error:

---

[1] A recitation of the facts is unnecessary for our disposition of this appeal.

{¶5} "I. APPELLANT'S SENTENCE WAS CONTRARY TO LAW BECAUSE THE TRIAL COURT FAILED TO MAKE THE FINDINGS REQUIRED BY R.C. 2929.14(C)(4) TO IMPOSE CONSECUTIVE SENTENCES."

{¶6} 2011 Am.Sub.H.B. No. 86, which became effective on September 30, 2011, revived the language provided in former R.C. 2929.14(E) and moved it to R.C. 2929.14(C)(4). The revisions to the felony sentencing statutes under 2011 Am.Sub.H.B. No. 86 now require a trial court to make specific findings when imposing consecutive sentences. R.C. 2929.14(C)(4) provides, in relevant part:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender **and** that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, **and** if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single

prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

(Emphasis added). In Section 11, the legislature explained that in amending former R.C. 2929.14(E)(4), it intended "to simultaneously repeal and revive the amended language in those divisions that was invalidated and severed by the Ohio Supreme Court's decision in *State v. Foster* (2006), 109 Ohio St.3d 1." The General Assembly further explained that the amended language in those divisions "is subject to reenactment under the United States Supreme Court's decision in *Oregon v. Ice* (2009), 555 U.S. 160, and the Ohio Supreme Court's decision in *State v. Hodge* (2010), —— Ohio St.3d – ——, Slip Opinion No. 2010–Ohio–6320." Thus, it is the legislature's intent that courts interpret the language in R.C. 2929.14(C)(4) in the same manner as the courts did prior to *State v. Foster,* 109 Ohio St.3d 1, 2006–Ohio–856, 845 N.E.2d 470.

{¶7} The First District Court of Appeals has observed,

The consecutive-sentence findings required by R.C. 2929.14(C) are not the same as those required by former R.C. 2929.19(B)(2), which provided that the trial court "shall impose a sentence and shall make a finding that *gives its reasons* for selecting the sentence * * * (c) If it imposes consecutive sentences ." (Emphasis added.) *See State v. Comer,* 99 Ohio St.3d 463, 2003–Ohio–4165, 793 N.E.2d 473, ¶ 14–16. In 2003, the Ohio Supreme Court held that the requirement that a trial court give its

reasons for selecting consecutive sentences was "separate and distinct from the duty to make the findings," and it imposed an obligation on trial courts to articulate the reasons supporting their findings at the sentencing hearing. *Id.* at ¶ 19–20, 793 N.E.2d 473. The trial court's obligation to "give its reasons" is now gone from the sentencing statutes. Gone with it, we hold, is the requirement that the trial court articulate and justify its findings at the sentencing hearing. A trial court is free to do so, of course. But where, as here, there is no statutory requirement that the trial court articulate its reasons, it does not commit reversible error if it fails to do so, as long as it has made the required findings. *See Phillips,* 1st Dist. No. C–960898, 1997 Ohio App. LEXIS 2615, 1997 WL 330605.

*State v. Alexander*, 1st Dist. Nos. C-110828, C-110829, 2012-Ohio-3349, ¶ 18. *Accord, State v. Frasca,* 11th Dist. 2011-T-0108, 2012-Ohio-3746, ¶ 57.

{¶8} The trial court is not required to recite any "magic" or "talismanic" words when imposing consecutive sentences provided it is "clear from the record that the trial court engaged in the appropriate analysis." *State v. Murrin,* 8th Dist. No. 83714, 2004–Ohio–3962, ¶ 12. *Accord*, *State v. Jones*, 1st Dist. No. C-110603, 2012-Ohio-2075, ¶ 22. An appellate court may only sustain an assignment of error challenging the imposition of consecutive sentences under R.C. 2929.14 if the appellant shows that the judgment was clearly and convincingly contrary to law. R.C. 2953.08(G).

{¶9} In the case at bar the PSI reviewed by the trial court reveals numerous theft related charges, many similar in nature to the conduct alleged in this case. The prosecutor remarked,

> As I review the PSI, it appears that since the defendant turned into an adult he has received forty-four, either convictions or arrests in that time since he was eighteen...

T. Jan. 6, 2012 at 9. Although some of the charges were dismissed or merged, the trial court found that Bonnell has been to prison on five separate occasions dating back to 1994. (T., Jan. 6, 2012 at 9-10).The PSI has been made a part of the record on appeal. The report further indicates that Bonnell has violated Post Release Controls and Judicial Release in the past.

**{¶10}** The trial court remarked,

> THE COURT: Going through all of the sentencing factors, I cannot overlook the fact your record is atrocious, the courts have given you opportunities.

* * *

> THE COURT: On the PSI pages 4 through 16, it's pretty clear that at this point in time you've shown very little respect for society and the rules of society. The court feels that a sentence is appropriate.

* * *

> The court is of the opinion that all three burglaries were separate offenses, they do not merge.

T. Jan. 6, 2012 at 14-15.

**{¶11}** Such findings when coupled with the trial court's acknowledgement that it has read and considered the PSI are sufficient to satisfy the factual findings requirement under R.C. 2929.19(C)(4). *Cf. State v. Jones, supra*, 2012–Ohio–2075 ¶ 23 (where the

trial court stated during the sentencing hearing that it was ordering the prison terms to be served consecutively because the defendant had an extensive criminal history and the victims had been seriously injured, these statements were sufficient to show that the trial court's imposition of consecutive sentences was appropriate and complied with R.C. 2929 .14(C)(4)); *State v. Johnson,* 8th Dist. No. 97579, 2012–Ohio–2508 ¶ 12 (when the court made findings related to the appellant's specific conduct in the case and his repeated engagement in criminal activity, it properly found that the sentence was not disproportionate to his conduct and threat he posed to society).

**{¶12}**  Although the trial court in the present matter may not have used the exact wording of the statute in reaching these findings, courts have found that, in making findings regarding consecutive sentencing, "a verbatim recitation of the statutory language is not required by the trial court." *State v. Green,* 11th Dist. No. 2003–A–0089, 2005–Ohio–3268 ¶ 26, citing *State v. Grissom,* 11th Dist. No. 2001–L–107, 2002–Ohio–5154 ¶ 21. *State v. Frasca, supra*, 2012-Ohio-3746, ¶ 60.

**{¶13}** The entire record adequately reflects consecutive sentences were necessary to protect the public and to punish Bonnell, and that they were not disproportionate to the seriousness of his conduct and the danger he posed to the public. In addition, Bonnell's history of criminal conduct demonstrated that consecutive sentences were necessary to protect the public from future crime.

**{¶14}**  We overrule Bonnell's sole assignment of error.

{¶15} For the reasons set forth above, the judgment of the Delaware County Court of Common Pleas is affirmed.

By: Gwin, P. J., and

Farmer, J. concur;

Hoffman J. dissents

_____
HON. W.SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN

_____
HON. SHEILA G. FARMER

WSG:clw 1018

*Hoffman, J., dissenting*

{¶16} I respectfully dissent from the majority opinion. H.B. 86 revised the statutory language of R.C. 2929.14 to require the trial court to make certain statutorily enumerated factors prior to imposing consecutive sentences. H.B. 86 revives the factors previously recognized as being required by the Ohio Supreme Court in *State v. Comer* 99 Ohio St.3d 463, 2003-Ohio-4165. The revised statute however does not require the trial court to give its reasons for selecting the sentence imposed.

{¶17} At the sentencing hearing in this case, the trial court stated on the record,

{¶18} "The Court: On the PSI pages 4 through 16, it's pretty clear that at this point in time you've shown very little respect for society and the rules of society. The court feels that a sentence is appropriate.

{¶19} "As to count two, the tampering with coin machines, a felony of the fifth degree, in violation of section 2911.32(A), it will be the sentence of this court that you will serve eleven months in prison; to pay the costs of prosecution for which execution is awarded.

{¶20} "The court is of the opinion that all three burglaries were separate offenses, they do not merge. Therefore the court is going to give you a sentence on all three of those. As to count four, burglary, in violation of 2911.12(A)(3), a felony of the third degree, under house bill 86, I am limited as to what I can give you, it will be the sentence of this court that you shall serve thirty months in CRC; pay the costs of prosecution for which execution is awarded; said sentence will be served consecutive to the sentence the court imposed on count two."

{¶21} Tr. at 14-15.

**{¶22}** The trial court continued stating the sentences shall be served consecutive to the other sentences imposed.

**{¶23}** The January 10, 2012 Judgment Entry of sentence states, in pertinent part,

**{¶24}** "Having considered the factual background of this case, the negotiations conducted in this case, the Pre-Sentence Investigation report prepared by Adult Court Services, the Defendant's counsel's statement, the Assistant Prosecuting Attorney's statement, the Defendant's statement, and, having considered the two overriding purposes of felony sentencing set forth in Section 2929.11 of the Ohio Revised Code, and having considered the seriousness and recidivism factors set forth in Section 2929.12 of the Ohio Revised Code, which the Court considers to be advisory only, the Court makes the following FINDINGS:

**{¶25}** "1. The Defendant's lengthy prison record.

**{¶26}** "2. A prison sentence is appropriate."

**{¶27}** The Judgment Entry continues in memorializing the sentence imposed by the trial court at the sentencing hearing, including the imposition of consecutive sentences.

**{¶28}** Although the trial court stated its findings with regard to the sentencing principles of R.C. 2929.11 and the seriousness and recidivism factors, I find this is not sufficient judicial fact-finding under the H.B. No. 86 amendments to support the imposition of consecutive sentences. Accordingly, I would vacate Appellant's sentence

and remand the matter for the limited purpose of resentencing under H.B. No. 86.


_____

HON. WILLIAM B. HOFFMAN

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                 :

                      :

    Plaintiff-Appellee         :

                      :

-vs-                     :         JUDGMENT ENTRY

                      :

RANDALL L. BONNELL, JR.   :

                      :

    Defendant-Appellant   :         Case No. 12CAA030022

For the reason stated in our accompanying Opinion, the judgment of the Delaware County Court of Common Pleas is affirmed. Costs to Appellant.

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN

_____
HON. SHEILA G. FARMER