[Cite as *State v. Stephens*, 2014-Ohio-2759.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99051**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## TONY L. STEPHENS

DEFENDANT-APPELLANT

**JUDGMENT:**
SENTENCE AFFIRMED IN PART, VACATED IN PART,
AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-12-560547-A

**BEFORE:** McCormack, J., E.A. Gallagher, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** June 26, 2014

**ATTORNEY FOR APPELLANT**

Michael H. Murphy
20325 Center Ridge Road, Suite 512
Rocky River, OH 44116


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Katherine Mullin
Assistant County Prosecutor
9th Floor, Justice Center
1200 Ontario Street
Cleveland, OH   44113

TIM McCORMACK, J.:

**{¶1}** Tony Stephens appeals from his consecutive sentence imposed by the trial court after he pled guilty to one count of endangering children, a second-degree felony, and two counts of gross sexual imposition, a third-degree felony. He was sentenced to six years for endangering children, and two years for each count of gross sexual imposition, to be served consecutively, for a total of ten years.

**{¶2}** The incident that led to Stephens's conviction involved an eight-year-old girl. Stephen was a boyfriend of the girl's aunt. One night while the girl was staying overnight at her aunt's house, after everyone went to bed for the night, Stephens approached the girl, who was lying on the couch, and kissed her on the lips. He also touched her buttocks both over and under her underwear. He then made the eight-year-old pose for pictures, which depicted her buttocks with her pajama pants down.

**{¶3}** Investigators subsequently recovered 190 images on Stephens's cell phone. The images included those of the eight-old-victim as well as approximately 170 images of women's buttocks, which appeared to be taken without the subjects' knowledge.

**{¶4}** At sentencing, Stephens's counsel acknowledged Stephens had a prior criminal history, but noted he had serious mental health issues. The state alleged Stephens was possibly malingering and exaggerating his mental health symptoms. Before the court, Stephens accepted responsibility for his conduct and expressed remorse.

**{¶5}** On appeal, Stephens raises three assignments of error, all relating to his consecutive sentence. Under the first assignment of error, he claims his consecutive sentence is not "commensurate with the crime committed"; under the second assignment of error, he claims his consecutive sentence was "contrary to law" in violation of R.C. 2953.08; and under the third assignment of error, he claims the trial court failed to make the statutory findings required by R.C. 2929.14(C)(4).

**{¶6}** The state concedes the third assignment of error. The conceded error necessitates a reversal of Stephens's sentence and a remand for resentencing. *State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453. Upon remand, the trial court is to determine if the statutory findings it failed to make would be warranted under the circumstances of the case and, if so, to make the findings prior to imposing consecutive sentences. *State v. Nia*, 8th Dist. Cuyahoga No. 99387, 2014-Ohio-2527, ¶ 28. The conceded error renders the first and second assignments of error moot.

**{¶7}** Sentence affirmed in part, vacated in part, and remanded.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIM McCORMACK, JUDGE

EILEEN A. GALLAGHER, P.J., and
MELODY J. STEWART, J., CONCUR