[Cite as *State v. Brooks*, 2014-Ohio-3906.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100455**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DONZEL BROOKS

DEFENDANT-APPELLANT

**JUDGMENT:**
REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-11-556822

**BEFORE:** Rocco, P.J., Keough, J., and Stewart, J.

**RELEASED AND JOURNALIZED:** September 11, 2014

-i-

**ATTORNEY FOR APPELLANT**

Michael K. Webster
800 Standard Building
1370 Ontario Street
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    James M. Price
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

KENNETH A. ROCCO, P.J.:

**{¶1}** Defendant-appellant Donzel Brooks appeals from the sentences imposed upon him after he entered guilty pleas to charges of attempted murder, domestic violence, endangering children, and criminal damaging.

**{¶2}** Brooks presents a single assignment of error in which he asserts that the trial court failed to make the necessary findings prior to imposing consecutive terms of incarceration. Based upon the directive set forth by the Ohio Supreme Court in *State v. Bonnell*, Slip Opinion No. 2014-Ohio-3177, his his assignment of error is sustained. This case must be remanded for a resentencing hearing.

**{¶3}** Brooks was indicted in this case in December, 2011 on six counts. He was charged with attempted murder, kidnapping, two counts of felonious assault, domestic violence, endangering children, and criminal damaging. He entered pleas of not guilty at his arraignment.

**{¶4}** After obtaining discovery from the state, Brooks accepted the state's offer to dismiss the counts of kidnapping and felonious assault in exchange for Brooks's guilty pleas to the other charges. The trial court conducted a thorough plea hearing prior to accepting Brooks's guilty pleas. The trial court then ordered the preparation of a presentence investigation report.

**{¶5}** When the trial court called Brooks's case for sentencing on March 19, 2012, the court stated it had reviewed the presentence report. The court permitted Brooks's attorney to present a mitigation argument, heard Brooks's expression of remorse for the

offenses, and listened to the victim, her cousin, and the prosecutor as each described the incident and its effect.

{¶6} The trial court stated that it had considered R.C. 2929.11 and 2929.12. The court listed the seriousness and recidivism factors that it found applied in Brooks's case. The court noted that Brooks attacked his wife with two knives, "scarred her for life in many ways," and also placed their infant in danger by his behavior.

{¶7} The court then stated that it found that a prison sentence was "consistent with" the sentencing statutes. The court stated that Brooks was "not amenable to community-controlled sanction due to the seriousness of [his] conduct and its impact on the victim," and that a prison sentence was "reasonably necessary to deter the offender, in order to protect the public from future crimes, and because it would not place an unnecessary burden on government resources."

{¶8} The trial court proceeded to impose a ten-year prison sentence for Brooks's attempted murder conviction and concurrent six-month terms of incarceration on each of his other convictions, but the term imposed for the child endangering conviction was ordered to be served consecutively to the other terms.

{¶9} This court permitted Brooks to file a delayed appeal. He presents one assignment of error for review.

I. The trial court failed to make the statutorily-required findings necessary to impose consecutive prison sentences.

{¶10} Brooks argues that the trial court's remarks were insufficient to comply with R.C. 2929.14(C)(4); therefore, the court improperly imposed consecutive terms.

Brooks's sentencing hearing took place after the provisions of 2011 Am.Sub.H.B. 86 became effective. Based upon the Ohio Supreme Court's interpretation of the sentencing provisions contained in that law as set forth in *State v. Bonnell*, Slip Opinion No. 2014-Ohio-3177, this court agrees.

{¶11} In *Bonnell*, at ¶ 28-29, the court stated in relevant part as follows:

> On appeals involving the imposition of consecutive sentences, R.C. 2953.08(G)(2)(a) directs the appellate court "to review the record, including the findings underlying the sentence" and to modify or vacate the sentence "if it clearly and convincingly finds * * * [t]hat the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14 * * * of the Revised Code." But that statute does not specify where the findings are to be made. Thus, the record must contain a basis upon which a reviewing court can determine that the trial court made the findings required by R.C. 2929.14(C)(4) before it imposed consecutive sentences.
>
> When imposing consecutive sentences, a trial court *must state the required findings as part of the sentencing hearing,* and by doing so it affords notice to the offender and to defense counsel. See Crim.R. 32(A)(4). And because a court speaks through its journal, *State v. Brooke*, 113 Ohio St.3d 199, 2007-Ohio-1533, 863 N.E.2d 1024, ¶ 47, *the court should also incorporate its statutory findings into the sentencing entry.* However, a word-for-word recitation of the language of the statute is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld.

(Emphasis added.)

{¶12} Thus, the record must demonstrate that the trial court imposed consecutive sentences because it found: (1) consecutive sentences were necessary to protect the public or to punish the offender, (2) they are not disproportionate to the seriousness of the offender's conduct and the danger the offender poses to the public, and (3) either, (a) the offender's history of criminal conduct demonstrated consecutive sentences were necessary to protect the public from future crime, or, (b) the

offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense, or, (c) at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.   R.C. 2929.14(C)(4).

{¶13} The trial court's comments in this case were insufficient to comply with R.C. 2929.14(C)(4).   Although the trial court found that consecutive terms were necessary "to protect the public," and that the harm Brooks caused by the offenses he committed was so great or unusual that no single prison term reflected the seriousness of his conduct, the court made no proportionality finding.   As stated in *Bonnell*, Slip Opinion No. 2014-Ohio-3177, ¶ 37:

> In order to impose consecutive terms of imprisonment, a trial court is *required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry * * *.* Accordingly, the imposition of consecutive sentences in this case is contrary to law. Thus, we are constrained to * * * vacate the sentence, and remand the matter to the trial court for re-sentencing.

(Emphasis added.)

{¶14} Therefore, Brooks's assignment of error is sustained.

{¶15} Brooks's sentence is reversed and this case is remanded for resentencing pursuant to *Bonnell.   But see State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, ¶ 7-9.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.  Case remanded to the trial court for further proceedings.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KENNETH A. ROCCO, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., CONCURS;
MELODY J. STEWART, J., CONCURS,
(SEE SEPARATE CONCURRING OPINION)

MELODY J. STEWART, J., CONCURRING:

**{¶16}** I concur with the majority decision in this case, but write separately to question whether the Supreme Court's decision in *Bonnell* suggests or permits two unexplored (or relatively unexplored) avenues in which reviewing courts can proceed when considering the imposition of consecutive sentences.  The first is, can reviewing courts construe as synonymous the argument that — "the trial court failed to make the

statutory findings for consecutive sentences" with the argument that "the record does not support the findings for consecutive sentences"? The second is, if the reviewing court determines that the trial court did not make all or some of the required findings, instead of vacating the sentence and remanding for resentencing, as we do in this case and as the Supreme Court ordered in *Bonnell*, can the reviewing court instead

> reduce, or otherwise modify [the] sentence * * * [as an] action authorized by [the statute] if [the reviewing court] clearly and convincingly finds * * * [t]hat the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14 * * * [or] * * * [t]hat the sentence is otherwise contrary to law

pursuant to R.C. 2953.08(G)(2), and order that the sentences be served concurrently? R.C. 2953.08(G)(2). The opinion in *Bonnell* implies that the answer is "yes" to both.

**{¶17}** In his appeal to the Fifth District, Bonnell asserted that "the imposition of consecutive sentences was contrary to law because the trial court failed to make the findings required by R.C. 2929.14(C)(4)." *Id.* at ¶ 11, citing [*State v. Bonnell*, 5th Dist. Delaware No. 12CAA030022,] 2012-Ohio-5150, ¶ 5. The Supreme Court accepted Bonnell's discretionary appeal on the proposition of law: "A trial court must expressly make the findings required in R.C. 2929.14, give the reasons supporting those finding at the time of sentencing, and include said findings in its subsequent judgment entry." (Quotation marks omitted.) *Id*. at ¶ 12. These statements make clear that at the court of

appeals and at the Supreme Court, Bonnell argued specifically that the trial court did not make the statutory findings required to impose consecutive sentences.

{¶18} However, the Supreme Court's decision appears to conflate the failed-to-make-the-findings argument with an argument that the record does not support the trial court's findings. Opening its analysis with the encompassing sentence, "On appeals involving the imposition of consecutive sentences," the court at ¶ 28 of *Bonnell* states that "R.C. 2953.08(G)(2)(a) directs the appellate court 'to review the record, *including the findings underlying the sentence*' and to modify or vacate * * * 'if it * * * finds * * *[t]hat *the record does not support the sentencing court's findings * * *.*'" (Emphasis added). The court notes, however, that the above "statute does not specify where the findings are to be made" and states that the record must contain the trial court's findings for appellate review. *Id.* The court goes on to conclude that, "[w]hen imposing consecutive sentences, a trial court must state the required findings as part of the sentencing hearing * * *" and that the exact statutory language need not be used "as long as the reviewing court can discern that the trial court engaged in the correct analysis *and can determine that the record contains evidence to support the findings * * *.*" (Emphasis added.) *Id.* at ¶ 29.

{¶19} Finally, while referencing the statute that mandates the presumption of concurrent sentences, the court notes at ¶ 23 of the opinion that:

[I]f the trial court does not make the factual findings required by R.C. 2929.14(C)(4), then 'a prison term, jail term, or sentence of imprisonment

> *shall be served concurrently* with any other prison term, jail term or
> sentence of imprisonment imposed * * *."

(Emphasis added). *Id.,* quoting R.C. 2929.41(A). This statement, coupled with the authority of appellate courts to "reduce, or otherwise modify a sentence" pursuant to R.C. 2953.08(G), strongly suggests that reviewing courts need not remand a case for resentencing when the trial court fails to make the required findings for consecutive sentences, but may order that the sentences be served concurrently. Some might even say that the paragraph above compels this result.