[Cite as *State v. Love*, 2014-Ohio-4836.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 101089**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**ANTOINE LOVE**

DEFENDANT-APPELLANT

**JUDGMENT:**
REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-12-561149-A

**BEFORE:** Rocco, J., Celebrezze, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** October 30, 2014

-i-

**ATTORNEY FOR APPELLANT**

Kevin P. Shannon
Wegman Hessler & Vanderburg
6055 Rockside Woods Boulevard
Suite 200
Independence, Ohio   44131

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:     Mahmoud Awadallah
          Anthony Thomas Miranda
Assistant Prosecuting Attorneys
The Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

KENNETH A. ROCCO, J.:

{¶1} Defendant-appellant Antoine Love appeals from the consecutive sentences imposed on him after he pleaded guilty to one count of rape and one count of aggravated burglary.

{¶2} Love presents a single assignment of error, claiming that the transcript of his sentencing hearing demonstrates that the trial court failed to comply with R.C. 2929.14(C)(4) in imposing consecutive terms. The state concedes that Love's claim has merit.

{¶3} The statements that the trial court made in this case consisted of the following: the court had listened to the parties and the victim, considered the facts of the case, and "balanced that with" Love's criminal record. Otherwise, the trial court stated only that it had "considered all the factors of law and determined that prison is consistent with the purposes of sentencing."

{¶4} These comments clearly failed to meet the standard for compliance with R.C. 2929.14(C)(4) when imposing consecutive prison terms as set forth in this court's decision in *State v. Nia*, 8th Dist. Cuyahoga No. 99387, 2014-Ohio-2527. Even under the more relaxed standard of review set forth in *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, the trial court made none of the required findings to impose consecutive terms.

{¶5} Although the circumstances of this case indicated Love's crimes deserved multiple punishments, because a review of the record supports Love's assignment of error, it is sustained. *State v. Brooks*, 8th Dist. Cuyahoga No. 100455, 2014-Ohio-3906, ¶ 6-7.

{¶6} Love's sentences are reversed. This case is remanded to the trial court with instructions to follow the mandate that the Ohio Supreme Court set forth in *Bonnell*. The trial court is reminded that, according to *Bonnell*, the statutory findings must not only be pronounced in open court, but must also be placed in the journal entry of sentence.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KENNETH A. ROCCO, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
LARRY A. JONES, SR., J., CONCUR