[Cite as *State v. Davis*, 2015-Ohio-178.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 101338

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**RICHARD L. DAVIS**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED IN PART, REVERSED IN PART,
AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-13-571424-A, CR-13-576744-B, and CR-14-581882-A

**BEFORE:** E.T. Gallagher, J., S. Gallagher, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** January 22, 2015

**ATTORNEY FOR APPELLANT**

Edward M. Heindel
450 Standard Building
1370 Ontario Street
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Lon'Cherie' Darchelle Billingsley
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, J.:

{¶1} Defendant-appellant, Richard Davis ("Davis"), appeals his conviction and sentence. We find some merit to the appeal, affirm in part, and reverse in part.

{¶2} Davis was charged with several drug-related offenses in three separate cases. In CR-13-571424-A, Davis pleaded guilty to one count of drug trafficking with a juvenile specification, two counts of drug trafficking without specifications, two counts of drug possession, and one count of possessing criminal tools. Two of the drug trafficking charges were fifth-degree felonies, and the drug trafficking charge with the juvenile specification was a fourth-degree felony. None of the convictions merged for sentencing, and the court sentenced Davis to 12 months on each count, to be served concurrently.

{¶3} In CR-13-576744-B, Davis pleaded guilty to two counts of drug trafficking, one count of drug possession, and one count of illegal use of food stamps. All of the charges were fifth-degree felonies. None of the convictions merged for sentencing, and the court sentenced Davis to 12 months on each count, to be served concurrent to one another and concurrent to CR-13-571424-A.

{¶4} In CR-14-581882-A, Davis pleaded guilty to two counts of drug trafficking with schoolyard specifications, one count of drug trafficking with a juvenile specification, two counts of drug possession, and one count of possessing criminal tools. None of the convictions merged for sentencing, and the court sentenced Davis to 12 months on each count, to be served concurrently. However, the court ordered the concurrent sentences in CR-13-571424-A and CR 13-576744-B to run consecutive to the concurrent sentences in CR-14-581882-A. Davis now appeals and raises three assignments of error.

**Maximum Penalty Involved**

{¶5} In the first assignment of error, Davis argues he did not enter his guilty pleas knowingly, intelligently, and voluntarily because the trial court misinformed him of the maximum possible prison term he could receive at sentencing. He contends the trial court erroneously informed him that the maximum penalty he could receive for his fourth-degree felonies was up to 12 months, whereas the maximum penalty is 18 months as prescribed by the statute. Therefore, Davis argues, his guilty pleas should be vacated.

{¶6} In order for a guilty plea to be constitutionally valid, the criminal defendant must enter a guilty plea to a felony charge knowingly, intelligently, and voluntarily. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 7. Crim.R. 11(C) outlines the constitutional and procedural safeguards the trial court must follow when accepting a guilty plea. Pursuant to Crim.R. 11(C), the trial court must personally address the defendant and inform him of the constitutional rights he is waiving by virtue of his plea. The court must also advise the defendant of several non-constitutionally-based rights, including knowledge of the "maximum penalty" involved. Crim.R. 11(C)(2). "When a trial judge fails to explain the constitutional rights set forth in Crim.R. 11(C)(2)(c), the guilty plea is invalid "under a presumption that it was entered involuntarily and unknowingly.*" State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 31. Therefore, the trial court must strictly comply with the mandates of Crim.R. 11(C)(2) regarding the waiver of constitutional rights. *Veney* at ¶ 27.

{¶7} If the trial judge fails to perfectly explain the defendant's nonconstitutional rights, "substantial compliance" is sufficient. *Clark* at ¶ 31. Under this standard, a slight deviation from the text of the rule is permissible so long as the totality of the circumstances indicates "the defendant subjectively understands the implications of his plea and the rights he is waiving." *Id*.

**{¶8}** Further, where the trial judge partially complied with the rule with respect to nonconstitutional rights, the plea may only be vacated if the defendant demonstrates a prejudicial effect. *Veney* at ¶ 17. The test for prejudice is "'whether the plea would have otherwise been made.'" *Clark* at ¶ 32, quoting *State v. Nero*, 56 Ohio St.3d 106, 107, 564 N.E.2d 474 (1990).

**{¶9}** Davis argues his guilty pleas must be vacated pursuant to *State v. Calvillo*, 76 Ohio App.3d 714, 603 N.E.2d 325 (8th Dist.1991). In that case, this court vacated Calvillo's guilty plea because the trial court erroneously informed him that his potential penalty for felonious assault was ten years longer than the statutorily prescribed prison term. The trial court advised Calvillo that his maximum penalty was 5-25 years when the statutory maximum penalty was 3-15 years. In vacating the plea, this court reasoned:

> Even though defendant ended up with a sentence less harsh than that which he thought he would receive, it is conceivable that defendant may not have entered a plea if he believed the sentence to be less harsh.

*Calvillo* at 720-721. In a footnote, this court further explained:

> Perhaps if the defendant knew the correct penalties[,] he would have opted for trial, determining that he was willing to risk that period of incarceration.

*Id.* at fn. 5.

**{¶10}** *Calvillo* is distinguishable from the case before us. In *Calvillo*, the court led the defendant to believe the maximum penalty was ten years longer than it really was. This is a significant difference and certainly could have changed the defendant's decision to enter a guilty plea. In this case, the court led Davis to believe the maximum penalty was six months shorter than the statutory maximum prison term. More importantly, Davis agreed to enter his guilty pleas with the understanding that he could be sentenced to up to 12 months in prison for each of his fourth-degree felonies and none of his sentences exceeded 12 months. Thus, Davis fails to

show how he was prejudiced by the court's erroneous advisement. It is not as if the court informed him he could receive up to 12 months and then sentenced him to 18 months. If that were the case, the prejudice would be manifest.

{¶11} Davis fails to explain how knowledge that the statutorily prescribed maximum prison term of 18 months would have changed his decision to enter a guilty plea. He states in his brief that he was expecting a community control sanction with some drug treatment even though the court repeatedly stated he could get up to 12 months in prison for his felonies. The fact is the sentence imposed did not exceed Davis's understanding of the maximum penalties involved. We therefore find no prejudice as a result of the court's misstatement regarding the maximum penalties Davis could receive at sentencing.

{¶12} The first assignment of error is overruled.

### Consecutive Sentences

{¶13} In the second assignment of error, Davis argues the trial court failed to make the statutory findings required for the imposition of consecutive sentences. The state concedes this error.

{¶14} In order to impose consecutive prison terms, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate these findings into its sentencing entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus. Specifically, R.C. 2929.14(C)(4) requires the court to find that (1) consecutive sentences are necessary to protect the public from future crime or to punish the offender, (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) at least one of the three findings set forth in R.C. 2929.14(C)(4)(a)-(c) applies.

**{¶15}** "[A] word-for-word recitation of the language of the statute is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Bonnell* at ¶ 29. The failure to make the findings, however, is "contrary to law." *Bonnell* at ¶ 37.

**{¶16}** Here, the only reason the court gave for imposing consecutive sentences was as follows:

> The Court finds that because of the nature of the fact that we have these things one on top of the other and the multiple counts in the case that it's necessary to consider and have consecutive sentencing. Same kind of thing repeated, done while out on bond for the other cases.

The court refers to Davis's recidivism and the fact that he was out on bond when he committed the offenses involved in this case. It is debatable whether these statements would satisfy a finding that consecutive sentences are necessary to protect the public, but we need not decide this issue because the trial court failed to address whether or not consecutive sentences are disproportionate to the seriousness of Davis's conduct or to the danger he poses to the public.

**{¶17}** Therefore, the second assignment of error is sustained. Pursuant to *Bonnell*, if, after making the required statutory findings on the record, the court imposes consecutive sentences, the trial court shall incorporate its findings into its sentencing entry. It does not, however, have an obligation to state reasons to support its findings in the entry. *See Bonnell* at ¶ 37; R.C. 2929.14(C)(4).

### Allied Offenses

**{¶18}** In the third assignment of error, Davis argues the trial court erred in failing to merge allied offenses of similar import. Davis argues Counts 1, 2, and 3 of CR-13-571424-A

should have been merged. He argues Counts 1, 2, and 3 of CR-13-576744-B should have been merged. Finally, he argues that Counts 1, 2, and 3 in CR-14-581882-A should have been merged, as well as Counts 4 and 5 of the same case.

**{¶19}** "R.C. 2941.25 codifies the protections of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution, which prohibit multiple punishments for the same offense." *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 23. Under R.C. 2941.25(A), when the same conduct by the defendant "can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one." For purposes of merger, a "conviction" includes both the determination of guilt and the sentence or penalty. *State v. Damron*, 129 Ohio St.3d 86, 2011-Ohio-2268, 950 N.E.2d 512, ¶ 17.

**{¶20}** The failure to merge allied offenses is plain error. *Underwood* at ¶ 31. Where a trial court fails to merge allied offenses, the appellate court must reverse the judgment of conviction and remand for a new sentencing hearing at which the state must elect which allied offense it will pursue against the defendant. *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, ¶ 25.

**{¶21}** The State concedes that the trial court failed to merge allied offenses and that the case should be remanded for resentencing. The State argues it retains the right to elect which allied offenses to pursue on remand.

**{¶22}** Therefore, the third assignment of error is sustained.

{**¶23**} Judgment affirmed in part and reversed in part. We vacate Davis's sentences and remand these cases to the trial court to allow merger of allied offenses and for the trial court to consider whether consecutive sentences are appropriate under R.C. 2929.14(C)(4).

It is ordered that appellee and appellant share costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

EILEEN T. GALLAGHER, JUDGE

SEAN C. GALLAGHER, P.J., and
MELODY J. STEWART, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE OPINION

MELODY J. STEWART, J., CONCURRING IN PART AND DISSENTING IN PART:

{**¶24**} I concur with the majority's resolution of the assigned errors. However, in keeping with my concurring opinion in *State v. Brooks*, 8th Dist. Cuyahoga No. 100455, 2014-Ohio-3906, I would vacate Davis's sentences and order that he serve them concurrently. I therefore dissent from the majority's mandate on remand.

{**¶25**} In *Bonnell*, *supra*, while referencing the statute that mandates the presumption of concurrent sentences, the Supreme Court noted at ¶ 23 of the opinion that:

> [I]f the trial court does not make the factual findings required by R.C. 2929.14(C)(4), then 'a prison term, jail term, or sentence of imprisonment *shall be served concurrently* with any other prison term, jail term or sentence of imprisonment imposed * * *.'

(Emphasis added.)    *Id*., quoting R.C. 2929.41(A).

**{¶26}** This statement, coupled with the authority of appellate courts to "reduce, or otherwise modify a sentence" pursuant to R.C. 2953.08(G) means that reviewing courts need not remand a case for resentencing when the trial court fails to make the required findings for consecutive sentences.   The court can order that the sentences be served concurrently.

**{¶27}** In this case, there is no question that the trial court failed to make all of the statutorily required findings to impose a consecutive sentence.   The state concedes as much. Davis's sentence of imprisonment, therefore, should be served concurrently with his other sentences.