[Cite as *State v. Stephens*, 2015-Ohio-3590.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 102429**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# TONY L. STEPHENS

DEFENDANT-APPELLANT

## JUDGMENT:
### REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-12-560547-A

**BEFORE:** Stewart, J., Keough, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** September 3, 2015

**ATTORNEY FOR APPELLANT**

Thomas A. Rein
700 West St. Clair, Suite 212
Cleveland, OH 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

Brett M. Kyker
Assistant County Prosecutor
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH   44113

MELODY J. STEWART, J.:

{¶1} Defendant-appellant Tony L. Stephens appeals his consecutive sentences on the grounds that the court failed to make the required statutory findings under R.C. 2929.14(C)(4). The state of Ohio concedes the error. We agree with the parties, reverse the trial court and remand for resentencing.

{¶2} In 2012, the Cuyahoga County Grand Jury returned a seven count indictment charging Stephens with kidnapping in violation of R.C. 2905.01(A)(4); endangering children in violation of R.C. 2919.22(B)(5); illegal use of a minor in nudity-oriented material or performance in violation of R.C. 2907.323(A)(1); two counts of gross sexual imposition ("GSI") in violation of R.C. 2907.05(A)(4); illegal use of a minor in nudity-oriented material or performance in violation of R.C. 2907.323(A)(3); and possessing criminal tools in violation of R.C. 2923.24(A). The charges arose from accusations that Stephens engaged in sexual conduct with an eight-year-old.

{¶3} As a result of plea negotiations, Stephens pled guilty to endangering children and two counts of GSI in exchange for dismissal of the remaining charges. As part of the plea agreement, Stephens agreed that the offenses would not merge under R.C. 2941.25, the allied offenses statute.

**{¶4}** At his original sentencing, the court ordered Stephens to a six-year term of imprisonment on the child endangering charge, and two years on each of the GSI counts. The court then ordered that the terms run consecutively for an aggregate prison term of ten years. Stephens directly appealed his convictions in *State v. Stephens,* 8th Dist. Cuyahoga No. 99051, 2014-Ohio-2759. On appeal, he raised the following three assignments of error: 1) that his consecutive sentences were not commensurate with the crime committed; 2) that his consecutive sentences were contrary to law and in violation of R.C. 2953.08; and 3) that the trial court failed to make the statutory findings required by R.C. 2929.14(C)(4) to impose consecutive sentences. This court sustained the third assignment of error, which was also conceded by the state. Finding the remaining assigned errors moot, we reversed and remanded to the trial court for resentencing. A different trial judge resentenced Stephens on December 3, 2014. He now appeals the resentencing.

**{¶5}** In his sole assignment of error, Stephens again contends that it was error for the court to order consecutive sentences without making all of the required statutory findings to impose consecutive sentences.

**{¶6}** Under R.C. 2929.14(C)(4), a court must make certain findings prior to imposing consecutive sentences. R.C. 2929.14(C)(4) states:

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶7} The trial court is required to make these findings on the record at sentencing, and then incorporate them into the sentencing entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 29.

{¶8} At the resentencing, prior to entering consecutive sentences, the court stated:

I again agree with [the prior sentencing judge] that consecutive sentences are appropriate in this situation. This was, in the Court's view, a matter that warrants consecutive sentences and consistent with the obligations under 2929.14 sub part C-4. I've got to evaluate those characteristics of consecutive sentences to see if this conduct qualifies for that.

One, I can do so based on the criminal history of the Defendant. There is sufficient background of the Defendant. He has had felony offenses in the past, even though these were not sexually related and that his criminal history does indicate that there is a need to protect the public on an ongoing basis and that, at least in this Court's view, basis upon which to impose a consecutive sentence.

Here we do have the course of conduct involving the time period here and the circumstances involving touching of the 8-year-old during the day and then later on it shows a continuing course of conduct that would separate out these charges and require the Court or at least give the Court the latitude to justify consecutive sentences in this case. And that the cause to the victim and the harm to a person of that age is sufficient and great that consecutive sentences are warranted and that a single prison term would not be proper under these circumstances.

And, all of that leads the Court to believe that consecutive sentences are necessary to punish Mr. Stephens regarding his conduct and protect the public from future crime. I don't believe this is disproportionate to the sentence imposed for similar conduct.

So, for all of those reasons, the Court reimposes the sentences and imposes two years consecutive on the gross sexual imposition, along with the six years for the endangering of the child.

Although we have acknowledged that a trial court is not required to use a word-for-word recitation of the findings in the statute, the record must be clear that the trial court actually made the required findings. *State v. Locke*, 8th Dist. Cuyahoga No. 102371, 2015-Ohio-3349, ¶ 8, citing *Bonnell* at ¶ 37.

{¶9} This is the second time that this case is on appeal for the trial court's failure to make the findings necessary to impose consecutive sentences. As the transcript shows, the court failed to make the findings that consecutive sentences are not disproportionate to the seriousness of Stephens' conduct and the danger he poses to the public. Although the court found that consecutive sentences were not disproportionate to "the sentence imposed for similar conduct," this is not a finding that is in keeping with the statute.

{¶10} The state concedes that the court failed to make all of the necessary findings and asks this court to remand the case for yet another resentencing. Stephens, on the other hand, encourages us to modify the sentences to a concurrent term on the authority given appellate courts pursuant to R.C. 2953.08(G)(2) to "increase, reduce or otherwise modify a sentence * * *."

{¶11} Stephens cites to paragraph 23 of *Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, in support of his argument to modify to consecutive sentences. This paragraphs states in relevant part, "[w]ith exceptions not relevant here, if the trial court does not make the factual findings required by R.C. 2929.14(C)(4), then 'a prison term, jail term, or sentence of imprisonment *shall* be served concurrently * * *.'"[1]

---

[1] Also in support of his position, Stephens makes reference to the interpretation of paragraph 23 of *Bonnell* that the authoring judge in this case has taken on the issue. *See State v. Brooks*, 8th Dist. Cuyahoga No. 100455, 2014-Ohio-3906 (Stewart, J., concurring in part and dissenting in part), and *State v. Davis*, 8th Dist. Cuyahoga No. 101338, 2015-Ohio-178 (Stewart, J., concurring in part and dissenting in part). However, more recently in a concurring opinion in *State v. Jackson*, 8th Dist. Cuyahoga No. 101957, 2015-Ohio-3029, ¶ 15, this author noted that "R.C. 2953.08(G) gives appellate courts the ability to vacate a sentence and order that a defendant serve a concurrent term

{¶12} We have recently stated however, that we interpret paragraph 23 as the Ohio Supreme Court's explanation of the judicial fact-finding that is necessary to overcome the presumption of concurrent sentences, and that it does not place a mandatory duty on appellate courts to modify a sentence to concurrent sentences if the trial court fails to make the R.C. 2929.14(C)(4) findings. *Locke* at ¶ 10, 11. Indeed, in *Bonnell,* the Supreme Court remanded for resentencing rather than modifying to concurrent sentences after declaring that the findings were not made. *See Bonnell* at ¶ 37.

{¶13} In this case, at Stephens's first sentencing, the trial judge failed to make the R.C. 2929.14(C)(4) findings altogether. On resentencing, a different judge made some of the findings. Although, we acknowledge that there must be some limit to how many times a trial court should have a case remanded for resentencing to correct the same error, we think the record in this case requires us to remand to the trial court instead of modifying Stephens's sentence to concurrent prison terms. We therefore reverse the conviction and remand to the trial court for resentencing for the limited purpose of considering whether consecutive sentences are appropriate, and if so, to make the statutory findings and incorporate them in the sentencing journal entry.

---

when the trial court has failed to make the statutorily required findings. But what appears, at least to me anyway, to be mandatory language in paragraph 23 of *Bonnell* is mandatory as to the trial court: not the appellate court. To read the paragraph otherwise would take away the options that the legislature clearly intended appellate courts to have when reviewing sentences under R.C. 2953.08(G). When the trial court fails to adhere to the mandate, it imposes a sentence that is contrary to law. And when confronted with this infirmity, R.C. 2953.08(G) gives the appellate court several options, including remanding for resentencing." *Id.*

**{¶14}** Judgment reversed and remanded to the trial court for further proceedings consistent with this opinion.

It is ordered that appellant recover of said appellee his costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
MELODY J. STEWART, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
EILEEN T. GALLAGHER, J., CONCUR